### WILLIS H. BROOKS ET AL. v. WILLIAM COOK.

*Civil damage law—Right of action.*

Act 193 of 1877 giving "every wife, child, parent, guardian, husband *or other person*" a right of action against a liquor seller for injury done the plaintiff by reason of the intoxication of any person, does not give the intoxicated person himself a right of action against the dealer for money stolen from him while drunk.

Where a statute, after enumerating specific cases uses a general term to cover others, the latter are understood to be of the same general character, sort or kind with those specified.

Case made from Kent.   Submitted October 20.   Decided November 10.

DEBT under the Civil Damage Law on liquor seller's bond. Defendants bring error.   Reversed.

*D. E. Corbitt* for plaintiffs in error.

*Stuart & Sweet* for defendant in error.

COOLEY, J.   The question in this case is, whether one who becomes intoxicated in a saloon, upon liquor there sold to him by the keeper, and who while in that condition has his pockets picked, may maintain an action against the keeper to recover the money taken from him ?

The question arises under Act No. 193 of 1877 commonly called the police act, the third section of which provides

among other things that "every wife, child, parent, guardian, husband or other person, who shall be injured in person and property or means of support, by any intoxicated person, or by reason of the intoxication of any person, or by reason of the selling, giving or furnishing any spirituous, intoxicating, fermented or malt liquors to any person, shall have a right of action in his or her own name against any person or persons who shall, by selling or giving any intoxicating or malt liquor, have caused or contributed to the intoxication of such person or persons, or who have caused or contributed to such injury."

The question is one of the construction of the statute. Is the person to whom the liquor is sold, etc., and who in consequence sustains an injury, one of the persons for whose benefit the statute is passed? The circuit court was of opinion that he is.

So far as the statute attempts any enumeration of persons who may sue, they all stand in some one of the domestic relations to the person to whom the liquor is sold, given or furnished. To that extent the statute unquestionably contemplates that there shall be three persons concerned : the person selling, giving or furnishing, the person receiving and causing an injury, and the person injured. But there might be other cases equally meritorious with these (see *English v. Beard* 51 Ind. 489 ; *Bodge v. Hughes* 53 N. H. 614) ; and therefore after enumerating wife, child, parent, guardian and husband, the statute extends the right of action to other persons injured. Does it intend among the other persons who may sue to include the person himself whose intoxication causes or is the occasion or reason of the injury?

Doubtless the statute might have extended its benefits to the intoxicated person, but if such were the intent it is surprising that it was not distinctly and unequivocally expressed. It was as easy to designate the party himself as it was his wife, child, guardian, etc. Moreover the man himself may generally be supposed to be injured in some degree by intoxication, so that his case would furnish the most frequent occasion for a suit if he should see fit to resort to legal pro-

ceedings. It would be very remarkable that a statute in enumerating the persons who should share in its benefits should omit to name the very one who would most often be entitled to its aid. But it is a sensible and well understood rule of construction that when after an enumeration, the statute employs some general term to embrace other cases, the other cases must be understood to be cases of the same general character, sort or kind with those named. *Hawkins v. Great Western R. R. Co.* 17 Mich. 57; *McDade v. People* 29 Mich. 50, and cases cited. Apply this rule here, and the party intoxicated is excluded. The persons enumerated are persons who stand to him in special relations, and it is therefore to be assumed that "any other person" who may sue must also stand to him in some special relation so as to be injured by his intoxication or by the sale, etc., to him. A creditor might perhaps stand in that relation under some circumstances, or a contractor, or servant, or the master of a vessel, or a traveler passing him in the street, and so on. But he could not stand in any such relation to himself, and therefore cannot be understood as embraced in the terms, "wife, child, parent, guardian, husband *or other person,*" injured in person, property or means of support by himself, or by reason of his intoxication or by the sale, etc., of intoxicating drinks to himself. The statute evidently contemplates three parties—seller, receiver and injured party—in all cases.

It is possible that the facts of any particular case may be such as to connect the saloon keeper with the injury or loss in such a way as to give a right of action at the common law. What we have said above has no reference to or bearing upon such a case.

The judgment must be reversed with costs of all the courts.

The other Justices concurred.