GRIFFIN v. McKNIGHT.

1. AGENCY—HUSBAND AND WIFE—EVIDENCE.
   Evidence that plaintiff's husband had general authority from
   her to act as her agent in purchasing contracts; that he
   had purchased several for her like the one in suit; that he
   was authorized to check her money out of the bank, signing
   her name to the checks, by himself, as agent; that, when the
   contract in suit was purchased, payment was made by giv-
   ing such a check, together with certificates of deposit made
   to plaintiff, and indorsed in her name, by her husband as
   agent; and that he had authority to and did receive payments
   upon the contracts,—is sufficient to go to the jury on the
   question of the husband's authority to accept a mortgage as
   payment of the contract in suit.

2. APPEAL—DENIAL OF NEW TRIAL—REVIEW.
   Alleged error in refusing a new trial will not be considered
   on appeal, where the record does not show why the trial
   judge refused the motion, and there is nothing to indicate
   that he was requested to give his reasons.

Error to Kent; Grove, J. Submitted February 1,
1898. Decided March 29, 1898.

*Assumpsit* by Gertrude T. Griffin against William F.
McKnight upon a contract of guaranty. From a judg-
ment for defendant, plaintiff brings error. Affirmed.

*D. E. Corbitt*, for appellant.

*McKnight & McAllister* (*J. B. Judkins*, of counsel),
for appellee.

MOORE, J. In October, 1894, Mrs. Flanagan bought
a piano of Mrs. Weeden, and agreed to pay therefor $375,
— $50 down, and the balance at intervals stated in a writ-
ten contract made by Mrs. Flanagan to Mrs. Weeden.
This contract retained the title in Mrs. Weeden until the

payments for the instrument were made in full. The pay-
ment of this contract was guaranteed by the defendant.
The defendant, acting for Mrs. Weeden, negotiated a sale
of this contract, through M. F. Griffin, acting as her agent,
to Gertrude T. Griffin, the plaintiff. The plaintiff claimed
that the amount due on the contract was not paid, and
sued defendant in justice's court. The pleadings are not
returned with the record, and there is very little testimony
about what occurred in justice's court. Plaintiff recovered
a judgment. Defendant appealed. In the circuit court
there was a trial by jury, which resulted in a verdict for
defendant, from which judgment plaintiff appeals.

It is the claim of the plaintiff that she was entitled to a
verdict for the amount due upon the contract of $246. It
was the claim of defendant that plaintiff did business for
quite a period of time, in the nature of loaning money
and purchasing contracts, and that she had purchased a
number of contracts like this one, and that the business
was done in her name by her agent, M. F. Griffin, her
husband, and that he had general authority to do her busi-
ness of this nature; that he was authorized to check her
money out of the bank, signing her name to the checks,
by himself, as agent; and that, when this contract was
purchased, payment was made for it by giving two cer-
tificates of deposit made to Mrs. Griffin, the indorsement
being signed with her name, by M. F. Griffin, agent, and
by giving one check signed M. F. Griffin, agent. It was
also claimed that Mr. Griffin had authority to and did
receive pay on these contracts for her. It was the claim
of the defendant that, after this contract was bought by
Mrs. Griffin, an arrangement was made with Mrs. Flana-
gan, through the husband of Mrs. Griffin, by which Mrs.
Flanagan was to give a note secured by a mortgage on a
lot and on the piano, which was to be received as a pay-
ment for the piano contract, and that the note and mort-
gage were executed by Mrs. Flanagan in Mr. McKnight's
office, to be delivered by him to Mr. Griffin, as the agent
for Mrs. Griffin, in exchange for the piano contract, and

that they were so delivered, and that the contract was surrendered to Mr. McKnight for Mrs. Flanagan. It is stated by defendant that, after this was done, Mr. Griffin came to the office of Mr. McKnight, and said he wanted to use the piano contract in making a computation of interest with Mrs. Weeden, and would return it in 20 minutes. At this time the note and mortgage made by Mrs. Flanagan were left in the office of defendant. It is the latter's claim that Mr. Griffin did not return the papers as agreed.

The defendant produced a number of witnesses, who testified to the manner in which Mrs. Griffin's business was done, its nature, extent, and character, and that it was actually conducted by M. F. Griffin in the name of the plaintiff. The defendant was sworn as a witness, and testified to the agency of the husband, and swore to the defense interposed by him, as outlined above. The plaintiff claimed that the facts sworn to did not show that Mr. Griffin was authorized to act for his wife. No witnesses were produced by the plaintiff except one, whose testimony was confined solely to a computation of the amount due on the contract. The plaintiff requested the judge to direct the jury that there was no evidence showing that Mr. Griffin was authorized to make the agreement sworn to by Mr. McKnight. The court declined to do this, but submitted the question to the jury. It is not claimed that the learned judge did not charge the jury correctly as to the law of agency, but that he erred in submitting the case to the jury at all. We think that there was testimony tending to show authority upon the part of Mr. Griffin to act as he did in relation to this contract, and that it was for the jury to decide whether, by a preponderance of proof, the agency was shown. *Compton* v. *Blair*, 27 Mich. 397. See 1 Jac. & C. Dig. 727.

A motion was made for a new trial, which was overruled. The record does not show the reasons why the trial judge refused the application for a new trial, and there is nothing to indicate that he was requested to give

his reasons.   Because of that, we do not feel called upon to review his action.   *McRae* v. *Lumber Co.*, 102 Mich. 488.

Judgment is affirmed.

The other Justices concurred.