124    645
s83NW  595
s131   178

## PEOPLE *v.* SHURLY.

PUBLIC HEALTH — REPORT OF CONTAGIOUS DISEASES — CONSUMPTION—QUESTION FOR JURY.

> Whether consumption is a disease dangerous to the public health, within 2 Comp. Laws 1897, § 4453, imposing a penalty on physicians for failure to report to local health officers cases of small-pox, cholera, diphtheria, scarlet fever, "or any other disease dangerous to the public health," is a question for the jury.

Error to Wayne; Donovan, J. Submitted June 12, 1900. Decided September 18, 1900.

*Assumpsit* by the People of the State of Michigan against Ernest L. Shurly to recover the statutory penalty for an alleged violation of Act No. 158, Pub. Acts 1895, relating to the reporting of contagious diseases. From a judgment for defendant on verdict directed by the court, the people bring error. Reversed.

*Horace M. Oren,* Attorney General, *Allan H. Frazer,* Prosecuting Attorney, and *William H. Turner,* Assistant Prosecuting Attorney, for the people.

*William P. Lane* (*S. M. Cutcheon,* of counsel), for appellee.

MONTGOMERY, C. J.   This is an action to recover a penalty for the violation of section 44 of Act No. 158, Pub. Acts 1895 (being section 4453, 2 Comp. Laws 1897), which reads as follows:

"Whenever any physician shall know that any person whom he is called to visit, or who is brought to him for examination, is infected with small-pox, cholera, diphtheria, scarlet fever, or any other disease dangerous to the public health, he shall immediately give notice thereof to the health officer of the township, city, or village in which the sick person may be, and to the householder, hotelkeeper, keeper of a boarding house, or tenant within whose house or rooms the sick person may be. The notice to the officer of the board of health shall state the name of the disease, the name, age, and sex of the person sick, also the name of the physician giving the notice; and shall, by street and number or otherwise, sufficiently designate the house or room in which said person sick may be. And every physician, and person acting as a physician, who shall refuse or neglect immediately to give such notice, shall forfeit for each such offense a sum not less than ten nor more than fifty dollars: *Provided,* that this penalty shall not be enforced against a physician if another physician in attendance has given to the health officer, or other officer hereinbefore mentioned, an immediate notice of said sick person, and the true name of the disease, in accordance with the requirement of this section."

On the trial it was agreed by counsel for the respective parties that the only question involved is whether consumption is covered by this section. The court ruled, for the purposes of this case, that the statute was not intended to cover consumption, and ruled out testimony offered to show that consumption is a disease dangerous to the public health. From this decision the people bring error.

The position of defendant's counsel, as stated in the

brief, is that the general clause, "or any other disease dangerous to the public health," was intended to include other diseases of the same degree of infectiousness or danger to life, though not specifically naming them; that the general clause would include yellow fever, leprosy, bubonic plague, and typhus fever, for, it is said, it is common knowledge that those diseases partake of the same violent degree of infectiousness as those mentioned in the statute. The rule is correctly stated that where a statute, after enumerating specific cases, uses a general term to cover others, the latter are understood to be of the same general character, sort, or kind as those specified. *Brooks* v. *Cook*, 44 Mich. 617 (7 N. W. 216, 38 Am. Rep. 282). This rule has been frequently recognized in this State; but it does not determine this case, for the reason that, if consumption is a disease dangerous to the public health, it is of the same general character, sort, or kind as those specifically enumerated in the sense in which the legislature characterized those diseases, *i. e.*, diseases dangerous to the public health. If there was a distinct dividing line of danger, of which the courts might take judicial notice, a different view might be held, but there is no such line. The court cannot judicially know what are the varying degrees of infectiousness of different diseases. *State* v. *Tenant*, 110 N. C. 609 (14 S. E. 387, 15 L. R. A. 423, 28 Am. St. Rep. 715); *Rudd* v. *Rounds*, 64 Vt. 432 (25 Atl. 438). There is no line which can be drawn, other than the line between diseases dangerous to the public health and those which are not. The question whether consumption is a disease dangerous to the public health was to be determined on evidence, and should have been submitted to the jury.

Judgment reversed, and a new trial ordered.

MOORE, LONG, and GRANT, JJ., concurred with MONTGOMERY, C. J. HOOKER, J., took no part in the decision.