131   177
d135 ²127·

PEOPLE *v.* SHURLY.

1. PUBLIC HEALTH—DANGEROUS DISEASES—REPORTING—CONSUMPTION.

> 2 Comp. Laws, § 4453, requiring attending physicians to report cases of small-pox, cholera, diphtheria, scarlet fever, "or any other disease dangerous to the public health," covers cases of consumption, if consumption is in fact a disease dangerous to the public health.
>
> 131 MICH.—12.

2. Same—Trial—Submission to Jury.

> In an action to recover a penalty for failing to report a case of consumption, the jury found specially that consumption is a disease dangerous to the public health, and contagious, but that it is not, by reason of its contagious nature, a disease dangerous to the public health, and is not to be classed with such diseases as small-pox, cholera, diphtheria, scarlet fever, or measles. *Held*, that the submission of the question whether consumption is to be classed with such other diseases was error.

3. Same—Instructions.

> It was error to instruct the jury that a verdict for the people meant that the statute relating to diseases dangerous to the public health had been "enlarged" to include consumption.

4. Same—Physician's Privilege.

> It was also error to instruct that the statute generally prohibits a physician from disclosing any information acquired while attending a patient, which was necessary to enable him to prescribe, as it likewise was to permit an inquiry as to whether patients afflicted with consumption would be likely to give their consent to having their cases reported.

Error to Wayne; Donovan, J. Submitted February 21, 1902. (Docket No. 129.) Decided June 24, 1902.

*Assumpsit* by the People of the State of Michigan against Ernest L. Shurly to recover the statutory penalty for an alleged violation of 2 Comp. Laws, § 4453, relating to the reporting of contagious diseases. From a judgment for defendant, the people bring error. Reversed.

*Ormond F. Hunt*, Prosecuting Attorney, for the people.

*William P. Lane*, for appellee.

*Henry A. Haigh, amicus curiæ.*

Montgomery, J. This case was before the court at the June term of 1900, and was reversed and remanded for a new trial. The report of the case in 124 Mich. 645 (83 N. W. 595), fully states the issue, and also lays down the rule of law for the case. It was then held that the

statute (2 Comp. Laws, § 4453) requires an attending physician to report cases of consumption, if consumption is in fact a disease which is dangerous to the public health. On the second trial, numerous special questions were presented to the jury, who found that consumption is the most prevalent disease in Michigan, and causes more deaths than any other disease; that it is a disease dangerous to the public health; that it is contagious from man to man,—but found that it is not, by reason of its contagious nature, a disease dangerous to the public health, and that it is not to be classed with such well-known diseases, dangerous to the public health, as small-pox, scarlet fever, measles, cholera, and diphtheria. The jury also found the defendant guilty of failing to report a disease dangerous to the public health. The circuit judge, on this finding, set aside the verdict of the jury, and entered judgment for defendant. The people bring error.

The question whether consumption is to be classed with small-pox, scarlet fever, measles, cholera, and diphtheria should not have been submitted to the jury. If the disease is contagious and dangerous to the public health, the *law* classifies it. It is altogether probable that this question led the jury away from the main issue, and made way for the answer that consumption is not, by reason of any contagious nature, a disease dangerous to the public health. Certainly it is difficult to reconcile such a finding with the findings which show it to be so fatal a disease, that it is contagious from man to man, and that it is dangerous to the public health.

The court, on request of defendant's counsel, charged as follows:

"If the verdict is for the people, it means that the statute relating to diseases dangerous to public health has been enlarged or made to include consumption, and that disease must participate within that statute. I will not say that it must participate with the same strictness, but it must be reported,—name, age, and condition. It must come reasonably within the same family as a contagious disease. * * *

"If the statute is made to include consumption among the dangerous diseases to public health, the State and local boards of health may treat it in the same manner prescribed by statute for the care and control of other specific diseases, kindred in their nature."

We think these instructions were misleading, and calculated to commit to the jury duties which the law casts upon the court. It is not correct to say that, if consumption is found to be a dangerous disease, the statute has been *enlarged* by such finding. As we held on the former hearing, if consumption is a disease dangerous to the public health, it is within the statute as enacted by the legislature, and it follows that the statute has not been enlarged. The term is exceedingly unfortunate and misleading.

The court charged the jury that the statute generally prohibits a physician from disclosing any information acquired while attending upon a patient, which information is necessary to enable the physician to prescribe for the patient. It is altogether clear that this statute is no defense in this case, if consumption is a disease dangerous to the public health. And while it might properly be cited to the court in discussion of the question whether the statute was intended to include consumption, it could furnish no proper aid to the jury in deciding the question of *fact* involved.

The court permitted an inquiry as to whether patients afflicted with consumption would be likely to give their consent to having their cases reported. This opened up an inquiry in no way bearing upon the issue being tried. It is altogether likely that patients afflicted with small-pox or other infectious diseases might object to having their cases reported, but it would hardly be contended that the physician could excuse his noncompliance with the requirements of the statute by showing a dissent in the particular case or generally.

There was a mistrial. The judgment will be reversed, and a new trial ordered.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.