*In re* BENDER'S ESTATE.

APPEAL OF LOOK.

APPEAL AND ERROR — CONTENTS OF RECORD — MOTION FOR NEW TRIAL—OPINION AND EXCEPTIONS NECESSARY.

> In the absence of a request to the trial court to give its reasons in writing for the refusal of a new trial, no reasons appearing in the record and no exceptions being taken to the refusal, the Supreme Court will not review the action of the lower court in denying a motion for a new trial.

Error to Wayne; Mandell, J. Submitted October 22, 1909. (Docket No. 152.) Decided December 10, 1909.

William Look presented his final account as special administrator of the estate of Joseph Bender, deceased. From the account as allowed in the probate court, said administrator appealed to the circuit court. A judgment affirming the order of the probate court is reviewed by said administrator on writ of error. Affirmed.

*Charles Flowers,* for appellant.

*Herbert C. Munro* and *Arthur E. Schreiter,* for appellee.

McALVAY, J. The administrator appealed from an order of the probate court of Wayne county, on the allowance of his final account, to the circuit court. When the case was set for hearing before the court, a jury having been expressly waived, the administrator asked for a continuance, on the ground of the unexpected absence of his attorney, who was also a material witness, and of which absence he had first learned on that date. The request was denied by the court making the following statement:

" *The Court:* Let it appear of record that under the rules adopted by the bench with reference to the arrange-

ment of the business of this court, this division of the court has nothing to do with the matters of application for continuance, and has nothing to do but to try the cases assigned to it. That application, according to my suggestion, was made to the presiding judge, Judge Donovan, for continuance, and that application was denied. I will proceed with the hearing of the case."

Appellant excepted to the denial of the continuance. The court proceeded with the hearing, and allowed the account in favor of the estate at $973.90, being the same as allowed by the probate court, with interest. Later the administrator made a motion for a new trial on the ground that the court erred in denying the continuance asked for, and also in not allowing certain items of his account. This motion was denied.

The case is here upon writ of error. At the time of the trial a judgment was not entered. It was formally entered a long time afterwards. The only error assigned is upon the denial of this motion of the administrator for a new trial. By some oversight neither this judgment nor the order denying this motion for a new trial was printed in the record. A copy of the order is furnished in appellant's reply brief, but we do not find in the record a request to the court to file reasons in writing for denying this motion. No reasons are given by the court in the record, although the record shows exceptions taken to the action of the court in denying the motion. This court has repeatedly held that under such circumstances the action of the circuit judge in refusing to grant a new trial will not be reviewed. Among these decisions reference is had to the following: *Griffin* v. *McKnight*, 116 Mich. 470 (74 N. W. 650); *Stevenson* v. *Railway Co.*, 118 Mich. 653 (77 N. W. 247); *Gillett* v. *Burns*, 131 Mich. 617 (92 N. W. 104), and other cases there cited.

The judgment is affirmed.

GRANT, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.