HEIKKALA *v.* ISAACSON.

1. APPEAL AND ERROR—MOTIONS—NEW TRIAL—SAVING QUESTIONS
   FOR REVIEW—EXCEPTIONS.
   > On error, exceptions to the denial of a motion for new
   > trial are necessary to review the ruling.

2. INTOXICATING LIQUORS—CIVIL-DAMAGE ACTION—INTOXICATION.
   > Intoxication of the plaintiff is not a ground of defense to
   > a civil-damage action brought for injuries done to plain-
   > tiff's eye by an intoxicated man who had bought liquor
   > from defendant saloonkeeper.

3. SAME—PROXIMATE CAUSE—UNLAWFUL SALES.
   > The question of proximate cause is not involved as an
   > issue, if the tort feasor was in fact intoxicated and caused
   > the injury of which the plaintiff complains: the statute
   > fixes liability upon the liquor dealer who furnished
   > liquor that produced such intoxication.[1]

4. SAME—EVIDENCE.
   > And it was not error to charge that plaintiff's alleged in-
   > toxication had no bearing in the case except upon the
   > weight to be given to his testimony.

Error to Baraga; O'Brien, J. Submitted Novem-
ber 13, 1913. (Docket No. 110.) Decided December
20, 1913.

Case by Daniel Heikkala against August Isaacson
and the Michigan Bonding & Surety Company for
injuries sustained at the hands of an intoxicated per-
son. Judgment for plaintiff. Defendant brings
error. Affirmed.

*H. A. Brennan* and *A. F. Bunting,* for appellants.

*Albert T. Streeter,* for appellee.

[1] As to the necessity to sustain a recovery under civil-damage
act, that the intoxication be the proximate cause of the injury,
see note in 13 L. R. A. (N. S.) 1158.

STONE, J. This action was brought to recover damages under the statute regulating the liquor traffic. By section 5398, 2 Comp. Laws (2 How. Stat. [2d Ed.] § 5074), it is provided that:

"Every wife, child, parent, guardian, husband, or other person, who shall be injured in person or property, or means of support or otherwise, by any intoxicated person or by reason of the intoxication of any person, or by reason of the selling, giving or furnishing any spirituous, intoxicating, fermented, or malt liquors, to any person, shall have a right of action in his or her own name, against any person or persons who shall, by selling or giving any intoxicating or malt liquor,   *   *   *   have caused or contributed to such injury, and the principal and sureties to the bond   *   *   *   shall be liable severally and jointly with the person or persons so selling," etc.

The declaration, among other things, alleges that at the village of Baraga, Baraga county, on April 7, 1912—

"The said defendant, August Isaacson, by himself, and by his bartender, his servant and agent, unlawfully did sell, furnish, give, and deliver spirituous, malt, brewed, and fermented liquors, to wit, beer and whisky, to one Henry Lund, an adult person, who was then and there intoxicated; and that the said liquors, so unlawfully sold, furnished, given, and delivered by the said defendant, and by his said agent and servant, caused and contributed to the intoxication of the said Henry Lund. And the said Henry Lund, while so intoxicated,   *   *   *   made an assault upon said plaintiff and struck the said plaintiff in and upon the left eye of said plaintiff with such violence as to injure and destroy the eyeball and utterly destroy the sight of that eye."

The suit was brought against the dealer and his surety, the Michigan Bonding & Surety Company. The plea was the general issue.

There was evidence tending to show that on the day named, Sunday, April 7, 1912, both the plaintiff

and the said Lund were drinking intoxicating liquors in the saloon of defendant Isaacson, and that said Lund became intoxicated there, and that intoxicating liquors were there sold to the said Lund by the said defendant and his bartender while said Lund was intoxicated, and that while so intoxicated said Lund struck the plaintiff in the left eye with a beer glass and destroyed the eye so that it had to be removed. The evidence also tended to show that the plaintiff was somewhat intoxicated at the time of the injury. The case was submitted to the jury, and the trial court in its charge, among other things, said:

"If you find from the testimony by a fair preponderance of the evidence that the defendant Isaacson, by himself or by any person in his employ, furnished any liquor to the man who inflicted the injury, and you further find that such injury was inflicted after such person inflicting the injury had become intoxicated and while he was intoxicated, and that the liquor furnished by the defendant Isaacson contributed to the intoxication, your verdict should be for the plaintiff, and you should give such damages as will fairly compensate him for the injury. The plaintiff is not required to prove, and you should not speculate upon the probabilities, whether intoxication was the natural cause of the act which caused the injury. The act itself by a person intoxicated, to whom liquor had been sold after his intoxication, fixed the liability for the damage upon the person furnishing the liquor which caused or contributed to the intoxication. * * * Now, on account of the range that some of the arguments have taken, I feel it is my duty to say to you that the intoxication of Heikkala has no bearing upon the case, except upon the weight to be given to his evidence. You may consider his condition, in passing upon the weight to be given to his evidence, but the fact that he was intoxicated is no defense to this case. I want to say to you further along this line that the fact, if you so find from the evidence, that any actions on the part of Heikkala during the time he was intoxicated in that saloon may have aggravated Henry Lund would not be a defense

in this case, and no juror has a right to consider it in any way as a defense to this case."

There was a verdict for the plaintiff in the sum of $750, and judgment was duly entered thereon.

There was a motion for a new trial, alleging many errors. The trial court filed a written opinion giving reasons for denying the motion for a new trial. A review is sought of the court's rulings denying the motion. No exceptions were taken to the finding of the court denying the motion, and the errors relied upon in the motion, if any, must be deemed to have been waived. This court has frequently called attention to the necessity for such exceptions. *Knop* v. *Insurance Co.*, 101 Mich. 359 (59 N. W. 653); *Pearl* v. *Benton Township*, 136 Mich. 697 (100 N. W. 188); *Culver* v. *Railroad Co.*, 144 Mich. 254 (107 N. W. 908, 109 N. W. 256); *Moffet* v. *Sebastian*, 149 Mich. 451 (112 N. W. 1120); *Comstock* v. *Taggart*, 156 Mich. 47 (120 N. W. 29); *In re Bender's Estate*, 159 Mich. 108 (123 N. W. 601).

The case has been brought here for review by the defendants upon writ of error, and the only assignments of error which can be considered are the first and second, as the others all relate to alleged errors in the refusal to grant defendants a new trial, which cannot be considered for the reason above stated.

The first assignment of error relates to the admission of testimony and the refusal to strike the same out. We think this assignment has no merit.

The second assignment of error, and the only one which we can consider, is the alleged error in the charge of the court contained in the foregoing excerpt from the charge. Such questions as it may be said are here presented we will consider.

1. It is the contention of appellants that plaintiff has no right of action because there was testimony tending to show that he himself was intoxicated. An examination of the declaration shows that it contains

no allegation alleging the intoxication of the plaintiff. There is testimony in the record tending to show that both plaintiff and the said Lund were intoxicated at the time of the injury complained of. Upon this question counsel for appellants rely upon the case of *Brooks* v. *Cook*, 44 Mich. 617 (7 N. W. 216, 38 Am. St. Rep. 282). That decision was under the act of 1877, giving "every wife, child, parent, guardian, husband or other person" a right of action against the liquor seller for injury done the plaintiff by reason of the intoxication of any person; and it was held that it did not give the intoxicated person a right of action against the dealer for money stolen from him while drunk. And it was said that where a statute, after enumerating specific cases, uses a general term to cover others, the latter are understood to be of the same general character, sort, or kind as those specified. There the action was brought, it will be noted, by the intoxicated person himself to recover damages, and it was said that the statute evidently contemplated three parties, seller, receiver, and injured party, in all cases. It will be borne in mind that the declaration in this case alleges that the injury was inflicted upon the plaintiff by a person who was then and there intoxicated, and that the liquors unlawfully sold or furnished by the defendant Isaacson caused and contributed to the intoxication of the said Henry Lund. We think that the case is brought directly within the provisions of our present statute, which we have quoted above. It will be noted that we have here the three parties, the seller defendant, Isaacson, the receiver, Lund, and the injured party, the plaintiff.

The case of *Brooks* v. *Cook*, *supra*, was followed by the case of *Flower* v. *Witkovsky*, 69 Mich. 371 (37 N. W. 364), where it was held that, under the statute giving a right of action to "every wife, child, parent, guardian, husband, or other person" injured by an

intoxicated person, the words "or other person" were intended to cover the persons so injured. In that case the action was brought by a plaintiff who averred that his horse and buggy were lawfully in the public street in charge of a competent driver, and that a person, while intoxicated, drove his horse and vehicle upon and against the horse and buggy of the plaintiff and drove one of the thills of said vehicle into the body of plaintiff's horse, thereby killing it. The action was against the dealer who contributed to the intoxication. In that case Justice MORSE, speaking for this court, said:

"It is argued that the statute does not contemplate an action by any other person than one holding a relationship of the same general character, sort, or kind as those specifically mentioned in the statute as the persons to whom a right of action is given; and that the plaintiff cannot be regarded as holding any such relationship."

After quoting the language of the statute, the opinion proceeds in the following language:

"The words 'or other person' seem to have been intended by the legislature to cover all persons injured in person or property by intoxicated persons. In *Brooks* v. *Cook,* 44 Mich. 617 [7 N. W. 216, 38 Am. St. Rep. 282], it was held that this statute did not give a right of action to a person injured by his own intoxication, and good reason is there given for such holding. It is intimated, however, on page 619, that a traveler, injured by an intoxicated person passing him on the street, would have an action under the statute against the person selling or giving the liquor to such intoxicated person. In *English* v. *Beard,* 51 Ind. 489, under a similar statute to ours, such right of action is given to one beaten and wounded by an intoxicated person. We have no doubt of the intention of the legislature to cover just such a case as the one at bar."

As we have already said, the present case is not founded on the intoxication of the plaintiff. The tes-

timony tended to show that Lund was intoxicated; that unlawful sales were made to him after he was intoxicated by defendant Isaacson; and that the blow was struck while Lund was intoxicated. We think the verdict established these facts.

2. It is next urged by appellants that, unless the intoxication was the proximate cause of the injury, there can be no recovery. We think that, where the evidence shows that the injury was inflicted by an intoxicated person, the rule contended for by appellants does not apply. Where, as here, recovery is sought for an injury inflicted by "an intoxicated person," the question of proximate cause is not considered; the courts holding that all that is essential is that it appear that the person inflicting the injury was intoxicated. Such is the rule in this State.

In *Brockway* v. *Patterson,* 72 Mich. 122 (40 N. W. 192, 1 L. R. A. 708), this court held that, under the statute giving a right of action for injury occasioned by an intoxicated person, it was not for the injured party to produce proof, or for the jury to speculate upon the probabilities whether the intoxication was the natural cause of the act which caused the death; that the act itself fixed the liability for the damage upon the person selling or furnishing the liquor which caused the intoxication. See, also, *Thomas* v. *Dansby,* 74 Mich. 398 (41 N. W. 1088); *Doty* v. *Postal,* 87 Mich. 143 (49 N. W. 534). In view of these decisions, there was no question before the jury whether the intoxication of Lund was or was not the natural cause of the act which caused the injury. The act itself by a person intoxicated, to whom liquor has been sold unlawfully, fixes the liability for the damage upon the person furnishing the liquor which caused or contributed to the intoxication.

We think the court did not err in charging the jury that the claimed intoxication of the plaintiff had no

bearing in the case, except upon the weight to be given to his testimony.

We find no error in that portion of the charge complained of by the second assignment of error. There being no other questions raised by the assignments of error which we can consider, the judgment of the circuit court is affirmed.

STEERE, C. J., and MCALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred. MOORE, J., did not sit.