## SULLIVAN v. DETROIT UNITED RAILWAY.

1. CARRIERS—STREET RAILWAYS—PERSONAL INJURIES—TRIAL—INSTRUCTIONS SUPPORTED BY EVIDENCE.

In an action against a street railway company for personal injuries claimed to have been caused by the negligence of defendant's motorman in starting a car while plaintiff's decedent was in the act of boarding it, an instruction by the trial judge that, if the car had come to a stop and if decedent's hold was broken and he was thrown down and injured without any negligence on his part, then plaintiff would be entitled to recover, *held*, proper under the evidence.

2. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In such action, where the testimony of the witnesses as to the negligence of the defendant and the contributory negligence of decedent was conflicting, the trial judge properly refused to direct a verdict for defendant.

3. APPEAL AND ERROR—GREAT WEIGHT OF EVIDENCE—NEW TRIAL—MOTION—EXCEPTIONS.

Where no exception was taken to the denial of a motion for a new trial on the ground that the verdict for plaintiff was against the great weight of the evidence, the question must be deemed to have been waived.

4. TRIAL—ARGUMENT OF COUNSEL.

Where the claim of counsel for defendant that one of its witnesses and plaintiff's decedent were friends was extravagant, the improper reply of plaintiff's counsel, provoked thereby, that "forbid, gentlemen of the jury, that your widow and fatherless children may be put to the mercy of a friend like" witness, *held*, under the circumstances, not so prejudicial as to require reversal of a judgment for plaintiff.

Error to Wayne; Hosmer (George S.), J. Submitted January 4, 1921. (Docket Nos. 19, 20.) Decided March 30, 1921.

Case by John O. Sullivan, revived as Elizabeth F. Sullivan, administratrix of the estate of John O. Sullivan, deceased, against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Moody* and *A. B. Hall,* for appellant.

*Munro & Powell,* for appellee.

CLARK, J. John O. Sullivan fell in attempting to board a car of defendant. Under a wheel of the car his foot was crushed, necessitating an amputation. He brought suit. Upwards of a year later he died. The injuries were not the cause of death. The suit was revived in the name of Mrs. Sullivan, the administratrix. The plaintiff claims that the injuries were caused by the starting of the car while Mr. Sullivan was in the act of boarding. The defendant claims that the injuries were caused by an attempt to board a moving car. Plaintiff had verdict and judgment for $2,500.

1. Defendant has assigned error upon the following excerpt from the charge:

"If, gentlemen of the jury, the car had come to a stop and if he attempted to board under those circumstances it became the duty of the motorman to take care of his end of the vestibule, and if he started while he was in the act of getting on and his hold was broken and he was thrown down and he was guilty of no act of negligence himself, then unquestionably the plaintiff would be entitled to such a verdict as would compensate him for the injuries."

Defendant contends that there was no proof that while Mr. Sullivan was in the act of getting on the car his hold was broken by the starting of the car, that there was no proof that the starting of the car

was the cause of the injuries. We think the charge was proper under the testimony of witnesses for the plaintiff. Mr. Sparks testified on direct examination:

"I was sitting on the right-hand side of the smoker, either in the second or third seat from the front, next to the window. I remember the car stopping at that corner.  *  *  *

"I was sitting looking out of the window, and the car stopped at the corner, and after it stopped I saw a man walk by the window, and I paid particular attention to him, because he was a man of very unusual build, a very big man, and a fine-looking man. He passed the window and I saw him reach up, supposedly to catch hold of the handles of the car. I couldn't see the handles from where I sat. And just then the car started and I see his hand let go, and a second or two after I heard a grinding sound and the car stopped, and then someone pulled this man out from under the car and they took him over to the sidewalk and sat him down, and I got up and looked. I didn't look very long, because it made me quite sick, the sight. I saw that part of his foot was hanging as they carried him across. I did not see him until he was carried to the walk."

And on cross-examination:

"*Q.* And he had hold of both handles?

"*A.* I don't know whether he had hold of them or not; I saw him reach up to grab something.

"*Q.* You don't know whether he ever did get hold, do you?

"*A.* Only that he stayed there a length of time long enough that he would have to have hold of something.

"*Q.* He stayed there?

"*A.* He couldn't hang in space."

Mr. Reichner, who had known Mr. Sullivan for years testified:

"I remember of an accident happening at Pacific

and Grand River avenue on that day. I am quite positive I was in the front seat on the right hand side of the smoker. I should judge it was between the hours of 4:30 and 5 o'clock I saw Mr. Sullivan at that intersection. When the car stopped at Pacific I saw this man go to the front of the car to raise himself up—the car was stopped on the corner at the proper place for a car to stop—this man raised himself up and with that the car started and the next I heard was hollering and then when they took and carried Mr. Sullivan to the curb. I did not know who it was as he was carried to the curb. When they turned his face toward me I saw who he was."

Another witness of the stopping of the car at the street intersection when the accident happened, said: "the car stopped for an instant and started."

2. Defendant requested that a verdict be directed in its favor, asserting that plaintiff's claim as to the cause of the injuries was unsupported by proof. The denial of the motion is said to be error. Defendant had the testimony of several witnesses tending to show that it was free from negligence and that the accident was due to an attempt of Mr. Sullivan to board a moving car. But under all the evidence, including the testimony of plaintiff's witnesses from which we have quoted, the question of defendant's negligence and the question of plaintiff's contributory negligence were properly submitted to the jury.

3. It is urged that the court erred in the denial of a motion for a new trial on the ground that the verdict was against the great weight of the evidence. No exception was taken to the denial. The question must be deemed, therefore, to have been waived. See *Heikkala* v. *Isaacson,* 178 Mich. 176 (50 L. R. A. [N. S.] 857) ; *Hotchkiss* v. *Weinmann-Matthews Co.,* 175 Mich. 652 ; *Beno* v. *Kloka,* 211 Mich. 116.

4. It is said that argument of plaintiff's counsel

was prejudicial. Mr. Burtch, an important witness for defendant, saw the accident. His testimony supported fully defendant's theory in the case. Of Mr. Sullivan he said: "I knew him quite well * * * ever since I was a little boy." We infer from the portion of the argument printed in the record that counsel for defendant in argument had claimed greater probity for Mr. Burtch's testimony because he and Mr. Sullivan had been "friends." Counsel for plaintiff says that the claim of friendship was without the record and replying in his closing argument urged that the men were not friends and said: "forbid, gentlemen of the jury, that your widow and fatherless children may be put to the mercy of a friend like Loren Burtch."

Exception was then taken by counsel for defendant. No request to charge on the subject was preferred, except that at the close of the charge the following appears:

"*Mr. Hall:* I would like to call your honor's attention to the statement at the time I took an exception to the remarks about appealing to what they would do if their widows, and so forth. I think your honor should take some notice of that.

"*The Court:* It is a difficult matter sometimes to say exactly what the province of counsel is, of course—

"*Mr. Powell:* It was only made by way of argument.

"*The Court:* I think, without attempting to correct that, of course, gentlemen of the jury, I only say to you in that regard, the credence to be given to any witness who has testified in this case belongs wholly to you, and not to me, and it is for you to determine where the truth lies, and which witness' statement is true and which witness is telling the truth."

The fact that Mrs. Sullivan was a widow and the

mother of three children was in evidence without objection. In argument counsel should be allowed reasonable latitude in drawing inferences from the facts, but we think that the attempt to infer from the testimony of Mr. Burtch that he and Mr. Sullivan were friends was extravagant and provoked the improper reply of plaintiff's counsel. We decline to say, upon this record, that the argument was so prejudicial as to require reversal of the case.

We find no reversible error. The judgment is affirmed.

STEERE, C. J., and MOORE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.