CRAWFIS v GARDNER

Opinion of the Court

1. Statutes—Procedural Law—Amendments—Applicability.

A new statute dealing with procedure only prima facie applies to all actions, those which have accrued or are pending and future actions; no vested right can exist to keep statutory procedural law unchanged and free from amendment.

2. Intoxicating Liquors—Statutes—Dramshop Act—Amendments —Retrospective Application.

A statutory amendment to the dramshop act which states that "no action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until trial or settlement" is applicable in an action arising out of a motorcycle-automobile collision where the sequence of events was accident, amendment of statute, suit commenced thereafter and then release of the alleged intoxicated person (MCLA 436.22).

Dissent by D. E. Holbrook, J.

3. Statutes—Construction—Prospective Application—Retrospective Application.

*The general rule is that a statute is to be construed as having a prospective operation only, unless its terms show clearly a legislative intention that its terms should operate retrospectively.*

4. Intoxicating Liquors—Statutes—Dramshop Act—Amendments —Applicability.

*An amendment to the dramshop act which attaches liability only if a bar patron is visibly intoxicated when served, and reduces the damages potentially recoverable by plaintiffs, as well as providing that no action may be commenced unless the patron*

References for Points in Headnotes
[1, 3] 73 Am Jur 2d, Statutes §§ 350–352.
[2, 4] 45 Am Jur 2d, Intoxicating Liquors § 79 *et seq.*

*is a named defendant and is retained in the action until the
litigation is concluded, effects a major substantive change in a
plaintiff's cause of action; the amendment applies only to a
wrongful furnishing of intoxicants occurring after the effective
date of the amendment and not to an injury which occurs prior
to enactment of the amendment.*

Appeal from Oakland, John N. O'Brien, J. Submitted October 9, 1975, at Lansing. (Docket No. 20947.) Decided November 12, 1975. Leave to appeal applied for.

Complaint by Judy A. Crawfis and Theodore J. Dietrich against Clifford G. Gardner, Robert Tassi, Thomas D. and Beverly A. Spencer, Donald L. and Mildred E. Collier, and Loy Limbaugh, for damages arising out of a motorcycle-automobile collision and for violation of the dramshop act. Summary judgments entered in favor of defendants Spencer, Limbaugh, and Collier. Plaintiffs appeal. Affirmed.

*Hamed W. Suffety, P. C.,* for plaintiff Judy A. Crawfis.

*John B. LaDue,* for plaintiff Theodore J. Dietrich.

*Ulanoff, Ross & Summer, P. C.,* for defendants Thomas D. and Beverly A. Spencer and Loy Limbaugh.

*Leonard A. Baun,* for defendants Donald L. and Mildred E. Collier.

Before: QUINN, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

QUINN, P. J. Plaintiffs appeal from summary judgments entered in favor of defendants Spencer

and Limbaugh. The only question presented involves an interpretation of 1972 PA 196 which amended MCLA 436.22; MSA 18.993 (dramshop act).

May 27, 1972, a collision occurred between a motorcycle driven by plaintiff Dietrich and a car driven by defendant Gardner. Plaintiff Crawfis was a passenger on the motorcycle. Defendant Gardner was allegedly intoxicated.

1972 PA 196 became effective June 29, 1972. It amended MCLA 436.22 by adding the following:

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

It is commonly referred to as "the name and retain provision".

Sometime thereafter, plaintiffs commenced this action against Gardner. With permission, plaintiffs amended their complaint September 17, 1973 by adding bar owner defendants Tassi, Spencer and Collier as parties defendant and charging them with violation of the Dramshop Act.

November 26, 1973 and December 3, 1973, plaintiffs executed releases to Gardner, and on December 28, 1973, pursuant to stipulation, an order entered dismissing Gardner as a defendant.

April 9, 1974, defendants Spencer moved for summary judgment claiming that the release to Gardner acted as a release to them under amended MCLA 436.22. By order of April 17, 1974, this motion was granted.

With permission, plaintiffs again amended their complaint May 23, 1974 by adding bar owner

Limbaugh as a party defendant and charging him with violation of the Dramshop Act. He moved for summary judgment on the same grounds that Spencers had asserted and this motion was granted by order of June 26, 1974 and by agreement, defendants Collier were included in the order.

It is plaintiffs' contention that since their cause of action arose prior to the effective date of the "name and retain" amendment, it is inapplicable because legislation is prospective unless the Legislature clearly states that the act shall be retrospective. We accept this basic rule of statutory construction, but it is inapplicable to this case.

Plaintiffs' cause of action against the bar owner defendants was statutory. The statute specified how the statutory right was to be enforced. The "how to enforce provisions" are procedural and are generally held to operate retrospectively, unless a clear contrary intention is shown. When a new statute deals with procedure only, prima facie, it applies to all actions, those which have accrued or are pending and future actions. No vested right can exist to keep statutory procedural law unchanged and free from amendment, *Hansen-Snyder Co v General Motors,* 371 Mich 480, 485; 124 NW2d 286, 288 (1963).

Prior to the time plaintiffs commenced their action against defendant bar owners the "name and retain" amendment was in effect, and by releasing Gardner, plaintiffs came under its limitation.

On the surface, this appears contrary to *Koehler v DRT Sportservice, Inc,* 55 Mich App 567; 223 NW2d 461 (1974), but in reality it is not. In the case before us, the sequence of events was accident, amendment of statute, suit commenced

thereafter and then release. In *Koehler,* the sequence was accident, release, amendment of statute and then suit. We read *Koehler* in context with the facts of *Koehler,* and while it had factual support for the holding that the amendment affected substantive rights, that holding should be limited to *Koehler* and similar cases. It is not controlling precedent for holding procedural changes substantive changes when no substantive rights are involved.

Affirmed with costs to defendants Collier.

D. F. Walsh, J., concurred.

D. E. Holbrook, J. *(dissenting).* This action involves the construction of 1972 PA 196, enacted June 29, 1972, an amendment to MCLA 436.22; MSA 18.993, the Dramshop Act.

On May 27, 1972, a motorcycle driven by plaintiff Theodore J. Dietrich, on which plaintiff Judy A. Crawfis was a passenger, collided with the car driven by defendant Clifford G. Gardner, who was claimed to be intoxicated at the time. On September 5, 1973, plaintiffs were permitted to add as defendants Robert Tassi, d/b/a Bob Tassi's Sand Bar, Thomas D. Spencer and Beverly A. Spencer, d/b/a Midget Bar, and Donald L. Collier and Mildred E. Collier, d/b/a Hi N' Dry as party defendants. On September 17, 1973, defendants filed their first amended complaint, which added the above party defendants and charged them with violating the Dramshop Act.

Plaintiff Judy A. Crawfis gave a release to defendant Clifford G. Gardner on November 26, 1973. Plaintiff Theodore J. Dietrich did likewise on December 3, 1973. On December 28, 1973, the trial court entered an order, pursuant to a stipulation agreed upon by plaintiffs and defendant Clifford G.

Gardner, dismissing the suit as to defendant Clifford G. Gardner.

On April 9, 1974, defendants Thomas D. Spencer and Beverly A. Spencer filed a motion for summary judgment under MCLA 436.22; MSA 18.993, claiming that the release given to defendant Clifford G. Gardner also acted to release them from further liability in the case. Defendants' motion was granted on April 17, 1974.

On May 23, 1974, plaintiffs moved to amend their complaint to add Loy Limbaugh, d/b/a Ten High Bar, and an order permitting such addition was entered on May 23, 1974, at which time plaintiffs filed their second amended complaint.

On June 7, 1974, defendant Loy Limbaugh filed a motion for summary judgment on the same grounds as the previous motion had been granted. On June 26, 1974, an order of summary judgment was entered in favor of defendant Loy Limbaugh, and also a summary judgment in favor of defendants Donald L. Collier and Mildred E. Collier.

Plaintiffs appeal as of right from these grants of summary judgment.

The dramshop act, MCLA 436.22; MSA 18.993, in pertinent part, as amended by the subject act with the added changes in italics reads as follows:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by *a visibly* intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, *and the sale is proven to be a proximate cause of the injury or death,* shall have a right of action in his or her name against the person who shall by such selling, or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury, and the principal and sureties to any bond given under

this law shall be liable, severally and jointly, with the
person or persons selling, giving or furnishing any
spirituous, intoxicating or malt liquors as aforesaid, and
in any action provided for in this section, the plaintiff
shall have the right to recover *actual* damages in such
sum not less than $50.00 in each case *which* the court
or jury may determine *that intoxication was a proxi-
mate cause of the injury or death,* but no surety shall
be liable in excess of the amount of the bond required
by this act. Any action shall be instituted within 2
years after the happening of the event *and all factual
defenses open to the alleged intoxicated person or mi-
nor shall be open and available to the principal and
surety. * * * No action against a retailer or wholesaler
or anyone covered by this act or his surety, shall be
commenced unless the minor or the alleged intoxicated
person is a named defendant in the action and is
retained in the action until the litigation is concluded
by trial or settlement."*

The threshold question is whether the amended
act is prospective or retroactive in effect. If it is
prospective in effect, the plaintiffs' action having
been premised on an accident occurring on May
27, 1972, which was prior to the date of enactment
of the amendment on June 29, 1972, the grants of
summary judgment would have been improperly
ordered. This would be true because the law in
effect on May 27, 1972, permitted the plaintiffs to
settle their cases with the defendant Gardner and
still pursue recovery from the other defendants
under the provisions of the then dramshop act.

If the amended act is retroactive in effect, then
under one of the changes made therein requiring
the alleged intoxicated person to be named and
retained in the action until the litigation is con-
cluded by trial or settlement, the summary judg-
ments granted defendants would have been proper.

This one issue is all that needs to be discussed
and determined in order to dispose of this appeal.

Our Court has ruled in the case of *Koehler v DRT Sportservice, Inc,* 55 Mich App 567, 576–578, 579–580, 581; 223 NW2d 461, 466–467, 467–468, 468–469 (1974), that the subject act is to be applied prospectively only. The majority opinion has sought to distinguish *Koehler* by claiming that that case concerned a different sequence of events. Namely, the majority states, "In *Koehler,* the sequence was accident, release, amendment of statute and then suit". The majority then states that the *Koehler* case should be limited to cases concerning the facts considered there. It is this writer's opinion that the majority has failed to give the *Koehler* opinion a fair interpretation. In *Koehler* there were five different plaintiffs, all suing under the Dramshop Act. As to the first plaintiff, Kenneth Koehler, the sequence of events was precisely as the majority has stated. But as to three of the other four plaintiffs, the sequence of events was the same as those involved in this case; namely, sale of the beverage and accident, amendment of the statute, releases, and then suit. After deciding that the amendment was not retroactive as to plaintiff Koehler, the Court considered the cases of the plaintiffs who had signed releases after the statute had been amended. The Court's reasoning and rulings in the matter are deemed necessary to reiterate as follows:

"Our conclusion in Koehler would be conclusive in these appeals *but for the point made by defendants that in these cases, releases were both agreed upon and signed after the effective date of the amendment.* [Emphasis supplied.] The time lag between the effective date of the statute and the signing of the agreement is approximately four weeks, six weeks and six days, respectively. We note that the amendment seriously changes plaintiffs' rights in two respects other than naming and retaining. The word 'visibly' was inserted

preceding 'intoxicated'. As amended, liability attaches only if the bar patron when served is visibly intoxicated. The words 'actual damages' are substituted for 'actual and exemplary damages', thus reducing the damages potentially recoverable by plaintiffs. The combined effect of the two changes, each being in addition to the 'name and retain' requirement, is a major substantive change in plaintiffs' cause of action under the statute at the time of the injury. Obviously plaintiffs' burden of proof, at least against a tavern establishment which first served the deceased driver, is rendered more difficult. For this reason it makes no difference that the releases were signed after the effective date of the amendment and are—as claimed by defendants—to be attributable to the action of the plaintiffs rather than to the joinder provision itself.

\* \* \*

"In view of the substantive changes made in the amendment we conclude the Sieloff cause of action is governed by the decisions in *Cusick v Feldpausch,* 259 Mich 349; 243 NW 226 (1932); *Minty v Board of State Auditors,* 336 Mich 370; 58 NW2d 106 (1953); *Campbell v Detroit,* 51 Mich App 34; 214 NW2d 337 (1973); and *Smith v Clackamas County,* 252 Or 230; 448 P2d 512 (1968).

"Further, we find nothing in the amendment which suggests that the Legislature intended the new rules of proof and damages to apply to sales occurring prior to the amendment.

" 'The general rule is that a statute is to be construed as having a prospective operation only, unless its terms show clearly a legislative intention that its terms should operate retrospectively.' *Angell v West Bay City,* 117 Mich 685, 688; 76 NW 128 (1898).

" 'The amendment here in question may not be regarded as wholly procedural in character, as defendant contends. Obviously its effect, if so applied under the facts before us in this case, would result in taking from the plaintiff a right which the statute, in force at the time of his injury, granted to him. There is nothing in the amendment in question here indicating that the legislature intended any such possible result. In other

words, there is nothing to overcome the presumption that prospective operation only was intended.' *Tarnow v Railway Express Agency,* 331 Mich 558, 565–566; 50 NW2d 318 (1951).

"The name and retain provision and the provisions limiting damages and requiring proof of visible intoxication are all part of a single amendment. Obviously, the Legislature did not intend to make part of the amendment ('name and retain') retroactive and the balance prospective. Accordingly, we interpret that part of the amendment which reads 'No action against a retailer or wholesaler * * * shall be commenced unless' joinder is made, to, in effect, read that no action against a retailer or wholesaler *for sales occurring after the effective date of this act* shall be commenced unless joinder is made.

\* \* \*

"Our disposition of the five consolidated cases and decision that the amendatory act applies only to wrongful furnishing of intoxicants occurring after June 29, 1972, makes it unnecessary to decide the constitutional issues and related claims of error raised by plaintiffs in this appeal." (Emphasis in original. Footnotes omitted.)

It thus appears that there is no distinction whatever between this case and *Koehler.* That case as to three plaintiffs therein concerned the precise amendment, and a virtually identical sequence of events. Our Court's rulings and reasoning in *Koehler* were proper. The said amended act should be applied prospectively.

The orders of summary judgment in favor of defendants should be set aside and the case remanded for trial.