NASH v CLAGGETT

1. PARTIES—STATUTES—AMENDMENTS TO STATUTES—DRAMSHOP ACT—
ADDITION OF PARTIES.

A 1972 amendment to the dramshop act, which provides that no
action shall be commenced under the act without the alleged
intoxicated person being named and retained as a defendant,
does not apply to an action commenced prior to the effective
date of the amendment (MCLA 436.22; MSA 18.993).

2. PLEADING—AMENDMENT OF PLEADINGS—COURT RULES.

A plaintiff should be freely granted leave to amend his complaint
absent prejudice to the defendant in the form of surprise,
undue delay, bad faith, or undue prejudice by virtue of the
magnitude of the amendment; therefore, a motion by a plaintiff
representative of a decedent in a dramshop action, to amend
the complaint to make clear that the plaintiff claimed injury
from the alleged illegal sale of alcohol to the decedent as well
as to the allegedly negligent intoxicated party, was erroneously
denied where the complaint alleged illegal sales to both persons
and the motion was made in response to the defendant's motion
to prevent testimony regarding the intoxication of the allegedly
negligent party (GCR 1963, 118).

Appeal from Wayne, Charles S. Farmer, J. Submitted October 11, 1975, at Detroit. (Docket No.
22833.) Decided February 10, 1976. Leave to appeal applied for.

Complaint by Denise M. Nash, for herself and as
next friend of Kenneth Nash and Kevin Nash,
against Richard L. Claggett, Salvatore Mancuso,
and The Fidelity & Deposit Company for damages
under the dramshop act. Roger Malasky was subsequently added as a party defendant. Judgment

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Intoxicating Liquors § 594.
[2] 61 Am Jur 2d, Pleading § 309.

for plaintiff against Malasky, and judgment of no cause of action as to the other defendants. Plaintiff appeals from the judgment of no cause of action. Reversed and remanded.

*Brian K. Millington,* for plaintiff.

*Leonard A. Baun,* for defendants Claggett and Mancuso.

*Kerr, Wattles & Russell* (by *James R. Dashiell),* for defendant The Fidelity & Deposit Company.

Before: BRONSON, P. J., and BASHARA and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. This appeal involves the dramshop act, MCLA 436.22; MSA 18.993, and the effect of the 1972 amendments, 1972 PA 196, on suits instituted prior to the amendments.

On December 31, 1971, plaintiff commenced a dramshop action against defendants. On the same day plaintiff also commenced a wrongful death action against Roger Malasky. Both actions arose out of the death of plaintiff's husband, Robert Nash, on November 14, 1970. Both cases involved the same events and were assigned to one judge, who at pretrial on September 7, 1973, consolidated both actions for trial.

On September 18, 1973, defendants moved to compel the addition of Robert C. Nash and Roger Malasky as defendants in the dramshop action pursuant to the "name and retain" provision of the 1972 amendments, 1972 PA 196 (eff. June 29, 1972). This provision requires that the alleged intoxicated persons who are alleged to have caused injury to the plaintiff be named defendants and retained in the action until the litigation is con-

cluded. The trial court denied the motion as to Robert C. Nash, the dead husband, but granted it as to Roger Malasky and ordered that Malasky be added as a defendant in the dramshop action and that the wrongful death action be added as another count in the dramshop complaint.

The two cases were assigned for trial on April 17, 1974, before a second judge. On April 17, 1974, a settlement apparently was reached in the wrongful death action. However, no order was prepared, signed or entered until May 24, 1974. Also on April 17, defendants moved for a continuance. Trial was rescheduled for April 23, 1974, before a third judge.

On April 23, 1974, the trial court granted Malasky's oral motion that the wrongful death action be dismissed "in conformity with the settlement entered into the other day". From that time on neither counsel for Malasky nor Malasky participated in or, apparently, was even present at the trial. However, no order was prepared, signed or entered.

Also on April 23 defendants moved for a protective order to prevent any testimony with regard to the alleged intoxication of Mr. Nash. In response plaintiff moved to amend the complaint to make clear that plaintiff claimed injury from the alleged illegal sales to Nash, as well as that to Malasky. The trial court granted defendants' motion and denied plaintiff's. At the conclusion of testimony plaintiff again moved to amend the complaint in the same manner. Again the trial court denied the motion.

In its instructions to the jury the trial court stated that Malasky was a defendant in the dramshop action. The court also instructed the jury that its verdict could be against Malasky and that

plaintiff's claim against Malasky was negligence. The court further charged the jury that it could return a verdict against Malasky only.

After the jury had deliberated for several hours, it requested the court to "define the defendants again", with special emphasis on the role of Malasky. The court questioned the foreman whether the jury's problem was with the court's instruction. The foreman responded, "Yes". The colloquy continued:

> *"The Foreman:* It was our impression at first that Malasky was not involved in this particular case at the time; it was just Nash versus the Crazy Horse Saloon, then when you read us the law you brought Malasky in as being a defendant. I guess most of us were under the same impression that he wasn't involved in the lawsuit at the time; it was just Nash versus Crazy Horse Saloon.
>
> *"The Court:* That is correct. Malasky, by virtue of law has to be joined as a defendant. He had to be joined and he is a defendant in this lawsuit. The lawsuit against him is based upon negligence. The lawsuit against the others is based on the Dram Shop Act."

The court had the reporter read back to the jury its previous instructions on the role of Malasky. Twenty minutes later the jury returned a verdict of $30,000 against Malasky and of no cause of action against the barowners. From an order denying her motion for a new trial, plaintiff appeals by right.

On appeal plaintiff argues that Malasky should not have been added as a defendant in the dramshop action. We agree. The cause of action arose and the lawsuit was commenced prior to the 1972 amendment of the dramshop act, MCLA 436.22; MSA 18.993. The amendments do not apply to suits commenced prior to the effective date of the

statute— *cf. Koehler v DRT Sportservice, Inc,* 55 Mich App 567; 223 NW2d 461 (1974), and *Crawfis v Gardner,* 65 Mich App 502; 237 NW2d 509 (1975) —whatever the rule may be where suit is commenced after the effective date of the statute and the cause of action arose before the effective date (compare *Koehler* with *Crawfis).* The name and retain provision states that no action "shall be commenced". As that indicates, the provision was not intended to affect actions that had already been commenced. The addition of Malasky as a party defendant was error and requires a new trial.

Also, plaintiff should have been permitted to amend her complaint as requested, GCR 1963, 118. Leave to amend should be freely granted absent prejudice to defendant in the form of surprise, undue delay, bad faith, or undue prejudice by virtue of the magnitude of the amendment. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973), *Michigan Mutual Liability Insurance Co v Fruehauf Corp,* 63 Mich App 109; 234 NW2d 424 (1975). The complaint alleged illegal sales to both Nash and Malasky. In view of that, defendants cannot be heard to argue surprise by virtue of plaintiff's requested amendment, especially when amendment was sought in response to a motion by defendant.

Because of our disposition of the above issues, we do not reach the other issues raised by plaintiff.

Reversed and remanded for a new trial.