SCHOLTEN v RHOADES

1. INTOXICATING LIQUORS—DRAMSHOP ACT—STATUTES—STATUTORY CONSTRUCTION.

The provisions of the dramshop act have consistently been given a liberal construction.

2. INTOXICATING LIQUORS—DRAMSHOP ACT—RECOVERY—PARENT AND CHILD—THIRD PARTIES.

Recovery is generally allowed under the dramshop act, upon proofs properly presented, where recovery is sought for the death or injury of a parent or child caused by a third party as a result of intoxicants served to the third party by a defendant dramshop establishment and also where recovery is sought for the death or injury of a parent or child caused by the misdoing of the killed or injured party by reason of intoxicants served to them by a defendant dramshop establishment.

3. INTOXICATING LIQUORS—DRAMSHOP ACT—RECOVERY—DEPENDENTS.

Recovery has been consistently denied under the dramshop act where recovery is sought by an intoxicated adult or minor for injuries sustained as a result of being served intoxicants by a defendant dramshop establishment, because the person who caused the evil by purchasing liquor may not complain of evil which he himself has caused however, his dependents may recover in actions in the dependents' own names and not in derivative suits.

4. INTOXICATING LIQUORS—DRAMSHOP ACT—AMENDMENTS—NAME AND RETAIN—THIRD-PARTY INTOXICANT.

The name and retain portion of the 1972 amendment to the

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors § 562.
[2] 45 Am Jur 2d, Intoxicating Liquors § 566 *et seq.*
[3-6] 45 Am Jur 2d, Intoxicating Liquors § 580.
  Liability of liquor furnisher under civil damage or dramshop act for injury or death of intoxicated person from wrongful act of a third person. 65 ALR2d 923.
[5] 45 Am Jur 2d, Intoxicating Liquors § 571 *et seq.*
[7] 73 Am Jur 2d, Statutes §§ 145, 146, 271 *et seq.*

dramshop act is to be mandatorily applied only where a third-party intoxicant precipitated the loss or where special circumstances would, without the dramshop claim, give a plaintiff a recognized cause of action (MCLA 436.22; MSA 18.993).

5. INTOXICATING LIQUORS—VOLUNTARY INTOXICATION—CAUSE OF ACTION—PARENT AND CHILD.

A child has no cause of action against his father or father's estate for injuries to or death of the father due to the father's voluntary intoxication, nor does a parent have a cause of action against his minor child for expenses incurred by the parent on behalf of the child due to the child's voluntary intoxication.

6. INTOXICATING LIQUORS—DRAMSHOP ACT—AMENDMENTS—NAME AND RETAIN—RULES OF PROCEDURE.

The name and retain provision of the 1972 amendment to the dramshop act was designed to be basically procedural and not designed to do away with rights which existed before the amendment (MCLA 436.22; MSA 18.993).

7. STATUTES—STATUTORY CONSTRUCTION—DRAMSHOP ACT—NAME AND RETAIN—LEGISLATIVE INTENT.

It is the court's duty to enforce a statutory provision as written where the provision is clear and unambiguous, however, it is presumed that some exception or qualification was intended by the Legislature where a literal construction of a clear and unambiguous statute would lead to an absurd result; where a literal reading of the name and retain provision of the 1972 amendment to the dramshop act would force a plaintiff to name as a party defendant a minor against whom no cause of action exists, the provision must be construed as not being mandatory in such instances in order to be compatible with prior judicial decisions and with the legislative intent of the entire dramshop statute (MCLA 436.22: MSA 18.993).

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted February 5, 1976, at Grand Rapids. (Docket No. 25039.) Decided March 9, 1976.

Complaint by Donald Scholten and Ronald Scholten against Walter J. Miskowski, individually, and doing business as the Quick Stop, and Rodney A. Rhoades, for damages under the dramshop act. Defendant Miskowski's motion for sum-

mary judgment against both plaintiffs was granted as to Donald Scholten and denied as to Robert Scholten. Defendant Miskowski appeals by leave granted. Affirmed.

*Daudert, Barron & Tucker,* for plaintiff.

*Lilly, Piatt, Doyle & Kragt,* for defendant Walter Miskowski.

Before: QUINN, P. J., and J. H. GILLIS and ALLEN, JJ.

ALLEN, J. Does the "name and retain" provision of the 1972 amendment to the dramshop act[1] mandate that in an action brought by a father for the medical expenses of his minor son, allegedly incurred by reason of being served intoxicants, the son must be joined as a party defendant? This issue of first impression arises by leave granted on the following facts.

Plaintiff Donald R. Scholten was struck and injured on September 9, 1972, by a motorcycle operated by Rodney Allen Rhoades as Scholten walked across a street in Kalamazoo County. He and his father, Robert Scholten, commenced this action against Rhoades and defendant Walter J. Miskowski, owner-operator of a beer and wine store known as the Quick Stop. Plaintiffs' complaint averred that immediately before the accident, Donald R. Scholten purchased beer at the Quick Stop although he was a minor at the time; he consumed the beer subsequent to the sale, which sale and consumption were the proximate cause of his injury; as a result of his consumption of intoxicating beverages, his judgment was im-

---

[1] 1972 PA 196, MCLA 436.22; MSA 18.993.

paired, causing him to misjudge the distance and direction of the motorcycle and impairing his ability to take evasive action to avoid the collision.

Defendant Miskowski moved for summary judgment against both plaintiffs. Although the lower court granted the motion as to Donald R. Scholten on the grounds that his negligence barred him from recovery as a matter of law, summary judgment as to Robert Scholten, grounded upon the failure of Robert Scholten to add his son as a party defendant pursuant to the "name and retain" provision of the dramshop act, was denied. Defendant Miskowski successfully sought leave to appeal in this Court.

Defendant claims that under the clear language of the dramshop act, Robert Scholten was required to add Donald R. Scholten as a party defendant in order to maintain this suit. Plaintiffs submit the Legislature never intended that an injured minor or intoxicated person be named as a defendant in a suit brought by one responsible for his medical expense where the intoxicated person or minor is injured as a result of his own actions due to the effects of the wrongful sale of intoxicating beverages and argue that statutes should be construed to conform to the intent of the Legislature. The trial judge agreed with plaintiffs.[2]

The pivotal part of the statute appears in the third from the final sentence of the amendatory act, *supra,* which reads as follows:

---

[2] *"The Court:* What if the Court says he can't be retained in the action? Well, I am not even going to require that. I don't think the legislature—well, in the first place I don't think they ever thought of this situation to be very honest. Therefore, what was their intention, but that part of it I am sure their intention would not be to make the father sue his son and fight to keep him in the lawsuit when he can't get a judgment against him anyway. Don't ask me for my legal authority. That is the best I can do but I am going to deny the motion."

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

The basic provisions of the dramshop act have been in existence since 1887. See *Eddy v Courtright,* 91 Mich 264, 267; 51 NW 887 (1892). Language virtually identical to the present dramshop act in its pre-1972 form sets forth who may be a party plaintiff and under what conditions suit may be instituted. Over the years this language has been consistently construed liberally.

"In *Eddy v Courtright,* 91 Mich 264, 267, this Court said:
" 'This Court has always construed this statute liberally, and has not deemed that the true legislative intent was to be ascertained by any strained or narrow construction of the words employed.'
"The Court then proceeded to cite other cases as illustrative of the fact that the Court has uniformly given a liberal construction to the language of the act. *King v Haley,* 86 Ill 106 (29 Am Rep 14); *Thomas v Dansby* 74 Mich 398 [41 NW 1088(1889)]; *Doty v Postal,* 87 Mich 143 [49 NW 534 (1891)]." *LaBlue v Specker,* 358 Mich 558, 568; 100 NW2d 445 (1960).

See also *Barton v Benedict,* 39 Mich App 517, 521; 197 NW2d 898 (1972). Under the construction given the statute, dramshop actions may be broadly classified in three groups (I) by a parent or child killed or injured *by a third party* as a result of intoxicants served to the third party by a defendant dramshop establishment; (II) by a parent or child killed or injured *through the child's or parent's own misdoing* by reason of intoxicants served to them by a defendant dramshop establish-

ment; (III) by an intoxicated adult or minor for injuries sustained as a result of being served intoxicants by defendant dramshop establishment. Group I cases are far and away the typical case which has been addressed by the court on many occasions. In such cases recovery is allowed upon proofs properly presented. *Barton v Benedict, supra, Podbielski v Argyle Bowl, Inc,* 44 Mich App 280; 205 NW2d 240 (1973), *aff'd* 392 Mich 380; 220 NW2d 397 (1974). Group II is the atypical and less frequent situation. Nevertheless, recovery is allowed and the fact that the minor child or adult contributed to his own intoxication is no defense. In *Eddy v Courtright,* 91 Mich 264; 51 NW 887 (1892), plaintiff brought action under the dramshop statute of 1887[3] to recover for an injury occasioned plaintiff when defendant sold intoxicants to her adult son on whom she depended in part for her support, who by reason of his intoxication was drowned. Recovery was allowed. In *La-Blue v Specker, supra,* the guardian of a minor child who was conceived but as yet unborn prior to the father's death brought suit under the current dramshop statute (pre-1972 amendment form) for loss of support when her father, a minor, purchased intoxicants at defendant's place of business and as a result of such intoxication was killed in an accident while driving in an intoxicated condition. Again recovery was allowed. *Robertson v Devereaux,* 32 Mich App 85; 188 NW2d 209 (1971), was an action brought by the mother, as executrix, against defendant beer and wine licensee for damages when defendant allegedly made sales of beer to her son who became intoxicated and drove his automobile in a grossly negligent manner result-

---

[3] As noted supra the wording of the 1887 statute is virtually identical to the MCLA 436.22; MSA 18.993 prior to the 1972 amendment.

ing in his death. Summary judgment in favor of the defendant, on the grounds that the personal representative of the deceased person was not a proper party plaintiff under the dramshop act, was reversed.

In Group III situations the courts have consistently denied recovery on the rationale that the person who caused the evil by purchasing liquor may not complain of evil which he himself has caused. *Rosecrants v Shoemaker,* 60 Mich 4; 26 NW 794 (1886), *Malone v Lambrecht,* 305 Mich 58; 8 NW2d 910 (1943), *Kangas v Suchorski,* 372 Mich 396; 126 NW2d 803 (1964). However, though the injured intoxicant himself may not recover his dependents may recover.

"Frequently, as in *Bourrie,* the deceased person was himself intoxicated at the time he suffered physical injuries and cannot recover because of his own fault; under the dramshop act his dependents may, nevertheless, recover even though the decedent upon whom they are dependent was intoxicated or at fault." *Robertson v Devereaux, supra* at 91.

The dramshop statute gives the parent an action in his own name and the action is not a derivative suit. *Matson v State Farm Mutual Automobile Insurance Co,* 65 Mich App 713; 238 NW2d 380 (1975).

Given this background we now turn to our consideration of the "name and retain" amendment 1972 PA 196 effective June 29, 1972. This amendment has been construed by this Court: *Salas v Clements,* 57 Mich App 367; 226 NW2d 101 (1975), Spaccarotelli v Ferdibar, 67 Mich App 29; 239 NW2d 750 (1976).[4] In both cases this Court held

---

[4] The "name and retain" amendment was also discussed in *Koehler v DRT Sportservice, Inc,* 55 Mich App 567, 570; 223 NW2d 461 (1974),

that the dramshop action may not be maintained if plaintiff fails to name and retain the alleged intoxicated person. However, both of these cases involved Group I situations. No case has yet presented a Group II situation. Thus, the narrow issue involved in the present appeal is whether the Legislature, in enacting the amendment referred to, intended that it mandatorily apply in all suits or whether it intended that it be mandatory only where a third party intoxicant precipitated the loss or where special circumstances would, sans dramshop suit, give plaintiff a recognized cause of action.[5] We hold the latter interpretation to be correct.

In sustaining the amendment in Salas v Clements, supra, the court referred to the sound policy reason supporting the amendment that the provision would eliminate the practice under which the third party intoxicated person enters into a settlement with the injured plaintiff for a token sum and thereafter joins forces with the plaintiff against the tavern owner. In this manner the third party intoxicant relieves himself of any possible excess coverage liability. This rationale policy reason is nonexistent in the Group II situation. A parent is legally responsible for the medical bills of his minor child and to secure a judgment for such sums against the child is meaningless. Furthermore, unlike Group I situations where plaintiff has a recognized cause of action against the third party intoxicant, a child has no cause of action against his father or father's estate for injuries or death of the father due to the father's voluntary

---

*lv den,* 393 Mich 776 (1974), but was found inapplicable because the date of the accident preceded the date of the amendment. Compare *Crawfis v Gardner,* 65 Mich App 502; 237 NW2d 509 (1975). *See also Nash v Claggett,* 67 Mich App 315; 240 NW2d 784 (1976).

[5] See footnote 6.

intoxication. Nor does a parent have a cause of action against his minor child for expenses incurred by the father on behalf of the child due to the child's voluntary intoxication.[6] While it makes good sense to name and retain a party defendant where there is a cause of action against the defendant it makes no sense at all to do so where recovery is impossible because no cause of action exists. Additionally, we more than faintly suspect that were we to hold that the plaintiff father must name and retain the minor child as a party defendant the effect would be to confuse a jury and thus deny to the parent a right of recovery which existed prior to the amendment. We agree with the trial judge that this was not the intent of the Legislature. We do not believe that rights of action long recognized under *Eddy v Courtright, supra,* and similar cases cited herein were intended to be scuttled under a procedural amendment. As has been stated previously the amendment was designed to be basically procedural and not to do away with rights which existed before. *Salas v Clements, supra,* 372, *Koehler v DRT Sportservice, Inc, supra,* 575. In short, we find that in situations where no cause of action otherwise exists by a parent against a child who is not a third party tortfeasor, the mandatory application of the name and retain amendment is awkward, strained and absurd.

We are well aware of the rule that where a statutory provision is clear and unambiguous, it is

[6] A child well might have a cause of action against the parent in addition to the action against the dramshop owner if as a result of the sale of intoxicants to the parent the parent returned home and committed an assault upon the child. Under reverse circumstances the parent might have a recognized cause of action against the child. In such instances the alleged intoxicated person would properly be a named and retained defendant. However, this is not the situation presented in the instant appeal.

the court's duty to enforce the provision as written. *Ypsilanti Police Officers Association v Eastern Michigan University,* 62 Mich App 87, 92–93; 233 NW2d 497 (1975). But a statute which is clear and unambiguous is nonetheless not to be given a construction which is absurd. In *People v Schoenberg,* 161 Mich 88; 125 NW 779 (1910), defendant importuned the court to construe a liquor regulating statute which, if literally construed, would have wiped out all offenses under the previously existing statute. The court declined, saying that to do so would lead to an absurd result. Where a construction of a statute would lead to an absurd result, it is presumed that some exception or qualification was intended by the Legislature. *Attorney General v Detroit U R Co,* 210 Mich 227; 177 NW 726 (1920). Further, we cannot say that viewed in its historical context the amendment is truly clear and unambiguous. Obviously it is inconsistent with the court's holding in *Eddy v Courtright, supra,* and certainly it is strained to name as a party defendant a person against whom no cause of action exists.

   " 'A thing which is within the spirit of a statute is within the statute, although not within the letter; and *a thing within the letter is not within the statute, unless within the intention.'* Common Council of City of Detroit v Rush, 82 Mich 532, 542 [46 NW 951] (10 LRA 171) [1890]." *Posselius v First National Bank—Detroit,* 264 Mich 687, 689; 251 NW 429 (1933) (Emphasis supplied.)

Laws are assumed to be enacted by the Legislature with some knowledge of and regard to existing laws as well as decisions by the court of last resort in reference to such existing laws. *People v Buckley,* 302 Mich 12; 4 NW2d 448 (1942). In construing

a statute the entire act must be read and the meaning to be given to any one section arrived at after due consideration of the other sections of the act, so as to produce, if possible, a harmonious and consistent enactment as a whole. *City of Grand Rapids v Crocker,* 219 Mich 178; 189 NW 221 (1922). Application of these rules of construction leads us to conclude that a harmonious interpretation of the name and retain amendment, totally compatible with prior judicial decisions and giving full effect to the remedial intent of the Legislature as described in *Salas v Clements, supra,* results by our holding that the name and retain amendment is mandatory where a cause of action exists against the minor or alleged intoxicant but is not, as in the instant case, mandatory where plaintiff has no recognized right of recovery against the minor or intoxicated person. Such construction, we believe, is totally compatible with the legislative intent.

Affirmed. Costs to plaintiffs.