FARMERS INSURANCE GROUP v CLEAR

Docket No. 77-5183. Submitted April 5, 1979, at Detroit.—Decided
January 9, 1980.

In April, 1976, Eugene Buoncompagno, while allegedly intoxi-
cated, crashed his automobile into the front lobby of the Ford
Motor Credit Company. Buoncompagno's insurer, Farmers In-
surance Group, settled with Ford. As a result of the settlement,
Farmers Insurance Group and Buoncompagno were released
from further liability. As subrogee of Ford, Farmers Insurance
Group brought an action against Julia Clear, doing business as
Elbow Room Bar, under the dramshop act. The defendant
moved for summary judgment and/or accelerated judgment.
The defendant contended that summary judgment was appro-
priate because the plaintiff failed to name and retain Buoncom-
pagno as a party in the lawsuit. The defendant further con-
tended that, since Buoncompagno would be entitled to an
accelerated judgment based upon release if he were a named
party, the defendant could employ this defense and, thus, was
entitled to accelerated judgment on this ground. The Wayne
Circuit Court, Andrew DiMaggio, J.; entered summary judg-
ment for defendant. The plaintiff appeals. *Held:*

1. The "name and retain" provision of the dramshop act is
not mandatory where the plaintiff has no recognized right of
recovery against the intoxicated person. In this case, the plain-
tiff has no cause of action against Buoncompagno because of
the release and naming and retaining him as a party to the
action makes no sense. Summary judgment on the basis of
failure to name and retain Buoncompagno was improper.

2. Accelerated judgment rather than summary judgment
would be appropriate with regard to the defendant's claim of
release and the Court of Appeals will treat it as if it were an
accelerated judgment. However, such a defense must be raised

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 260, 265.
[2] 45 Am Jur 2d, Intoxicating Liquors § 561 *et seq.*
[3] 56 Am Jur 2d, Motions, Rules, and Orders § 4 *et seq.*
[4] 56 Am Jur 2d, Motions, Rules, and Orders § 8.
  61 Am Jur 2d, Pleading § 354.

not later than the first responsive pleading or the defendant's original answer must be amended to include such defense or the defense is waived. In this case the defendant had already filed her answer before moving for accelerated and/or summary judgment and she failed to amend her original answer before she filed the motion. Accelerated judgment was improper.

Reversed and remanded.

1. STATUTES — LITERAL CONSTRUCTION — UNJUST RESULT.

A fundamental rule of statutory construction is that departure from the literal construction is justified where a literal construction would produce an absurd and unjust result and would be clearly inconsistent with the purposes and policies of the act in question.

2. INTOXICATING LIQUORS — DRAMSHOP ACT — NAME AND RETAIN PROVISION — STATUTES.

The "name and retain" provision of the dramshop act, which requires a plaintiff to name and retain the alleged intoxicated person as a party defendant in any action brought under the act, should not be used to deny relief to plaintiffs who have failed to name or retain the intoxicated person where the plaintiffs are clearly protected by the statute's substantive provisions but, under the circumstances of the case, have no cause of action against the intoxicated person and the application of the provision would lead to an absurd result (MCL 436.22; MSA 18.993).

3. MOTIONS — INCORRECTLY NAMED MOTION — PREJUDICE TO NON-MOVING PARTY.

An incorrectly named motion should be considered as if correctly labeled if there is no prejudice to the nonmoving party.

4. JUDGMENT — ACCELERATED JUDGMENT — MOTIONS — WAIVER — COURT RULES.

A defendant's motion for accelerated judgment on the ground that a claim is barred because of release, payment, prior judgment, statute of limitations, statute of frauds, infancy, or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action is waived by a failure to raise it either in the first responsive pleading or in a motion filed not later than the first responsive pleading; however, where the special defense is not raised in a preliminary motion or the defendant's answer, it may still be permitted where the defendant's original answer is amended to include it (GCR 1963, 116.1[5]).

*Harvey, Kruse & Westen, P.C.* (by *Dennis M. Goebel*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Charles Huckabay* and *Christine D. Oldani*), for defendant.

Before: T. M. BURNS, P.J., and M. F. CAVANAGH and MacKENZIE, JJ.

MacKENZIE, J. On April 9, 1976, Eugene Buoncompagno crashed his automobile into the front lobby of the offices of Ford Motor Credit Company, located at Michigan Avenue and The American Road, City of Dearborn. Buoncompagno's insurer, plaintiff Farmers Insurance Group, settled with Ford, making payment in the amount of $45,000. As a result of the settlement, plaintiff and Buoncompagno were released from further liability. As subrogee of Ford Motor Company, plaintiff brought an action against defendant under the dramshop act, MCL 436.22; MSA 18.993.

Defendant made a motion for summary judgment and/or accelerated judgment. Defendant contended that she was entitled to a summary judgment because plaintiff failed to name and retain Buoncompagno as a party in the lawsuit. Defendant also contended that since the intoxicated person, Buoncompagno, would be entitled to an accelerated judgment based upon release if he were named as a party, defendant could employ this defense and, thus, was entitled to an accelerated judgment on this ground. The trial court granted defendant's motion for summary judgment, and plaintiff appeals as of right.

The first determination to be made is whether summary judgment was proper because plaintiff

failed to name and retain Buoncompagno. MCL 436.22; MSA 18.993 provides in pertinent part:

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

Defendant argues that since the intoxicated person's identity was known by plaintiff, the "name and retain" provision is applicable under *Salas v Clements,* 399 Mich 103; 247 NW2d 889 (1976). In *Salas,* the Court held that where the plaintiff is unaware of the identity of the intoxicated person, he is not required to name and retain the person. The Court stated that the purpose of the requirement was to eliminate possible collusion between the intoxicated person and the plaintiff. It concluded that requiring a plaintiff to name and retain an individual whose identity was unknown to prevent collusion would produce an absurd and unjust result.

We disagree with defendant that *Salas* dictates adherence to the "name and retain" amendment whenever the identity of the alleged intoxicated person is known. According to the Supreme Court in *Salas:*

"In determining whether plaintiffs in this case are barred from suing under the dramshop act, we must keep in mind the fundamental rule of statutory construction that departure from the literal construction of a statute is justified when such construction would produce an absurd and unjust result and would be clearly inconsistent with the purposes and policies of the act in question." *Salas v Clements, supra,* at 109.

This Court has held the "name and retain" provision inapplicable in cases where, although the identity of the intoxicated person was known, its application would lead to an absurd and unjust result. In *Dickerson v Heide,* 69 Mich App 303; 244 NW2d 459 (1976), the plaintiffs sued a tavern owner to recover damages for the death of their son. The complaint alleged that the defendants served Terry Knepple alcoholic beverages while he was intoxicated. The plaintiffs' son was killed while riding in Knepple's car that evening, after Knepple drove into a tree. Under the wrongful death act, the only persons capable of suing Knepple were the personal representatives of the deceased. Because the plaintiffs were not their son's personal representatives, they could not bring a wrongful death action against Knepple. Therefore, plaintiffs could name Knepple, but could not retain him. The Court found it antithetical to the purposes of the dramshop act to "deny relief to plaintiffs who are clearly protected by the statute's substantive provisions by requiring them to satisfy a procedural requirement which cannot possibly be satisfied", 69 Mich App at 309. Noting also that the possibility of collusion was minimal, the Court permitted the plaintiffs' suit to continue without the naming and retaining of the intoxicated person.

In *Scholten v Rhoades,* 67 Mich App 736, 746; 242 NW2d 509 (1976), the Court held that the name and retain requirement was not mandatory "where plaintiff has no recognized right of recovery against the minor or intoxicated person". In that case, the intoxicated person was the plaintiff's son who had been injured because he had consumed some beer sold to him by one of the defendants. The Court reasoned that since a parent is

legally responsible for the medical bills of his minor child, a judgment by the parent against the child is meaningless. The Court stated:

"While it makes good sense to name and retain a party defendant where there is a cause of action against the defendant it makes no sense at all to do so where recovery is impossible because no cause of action exists. * * * [W]e find that in situations where no cause of action otherwise exists by a parent against a child who is not a third party tortfeasor, the mandatory application of the name and retain amendment is awkward, strained and absurd." *Id.,* 744.

The instant case is similar to *Scholten* in that naming and retaining the intoxicated person makes no sense because a cause of action does not exist against the intoxicated person. Plaintiff is the insurer of the intoxicated person. Pursuant to its policy with Buoncompagno, it paid $45,000 to Ford Motor Company for property damage, resulting in the release from further liability to Ford Motor Company of either plaintiff or Buoncompagno. Thus, even if plaintiff is viewed solely as subrogee of Ford Motor Company, rather than the intoxicated person's insurer, it is lacking a cause of action. We thus conclude that the trial judge erred in granting summary judgment on this ground.

The next determination to be made is whether summary judgment was properly granted on the basis that Buoncompagno's release from liability entitled defendant to this defense as well. Defendant predicates its argument upon a provision in MCL 436.22; MSA 18.993 which provides:

"Any action shall be instituted within 2 years after the happening of the event and all factual defenses

open to the alleged intoxicated person or minor shall be open and available to the principal and surety."

Defendant further relies upon *Crawfis v Gardner,* 65 Mich App 502; 237 NW2d 509 (1975), pointing out that this Court affirmed a summary judgment granted in the defendants' favor after the defendants had maintained that a release as to the alleged intoxicated person also operated as a release as to them. An examination of *Crawfis,* however, reveals that the decision was actually based upon the "name and retain" provision of the dramshop act. Since the plaintiffs executed releases to the alleged intoxicated person, this person could not be named and retained. Since, as a result, the "name and retain" requirement could not be met, the Court held that the plaintiff did not have a valid cause of action, and thus the summary judgment was proper.

Plaintiff argues on appeal that defendant's motion on this ground is barred. Under GCR 1963, 116.1(5), defendant may make a motion for accelerated judgment where release is claimed as a defense. Thus, accelerated judgment rather than summary judgment was appropriate with regard to this claim. Although an incorrectly named motion is considered as if correctly labeled absent prejudice to the other party, the judgment entered in the instant case is fatally defective.

Claims covered by GCR 1963, 116.1(5) are waived by failure to raise them either in the first responsive pleading or in a motion filed not later than the first responsive pleading. Where the special defense is not raised in a preliminary motion or the defendant's answer, it may still be permitted where defendant's original answer is amended to include it. *Manufacturers Construction Co v Covenant Investment Co,* 43 Mich App 123; 204

NW2d 54 (1972), *Flynn v McLouth Steel Corp,* 55 Mich App 669, 676; 223 NW2d 297 (1974). In the instant case, defendant had already filed her answer before moving for accelerated and/or summary judgment. She did so without amending her original answer. Therefore, neither summary nor accelerated judgment was proper with regard to this claim of defendant.

Reversed and remanded.