## SPACCAROTELLI v FERDIBAR

1. ACTION—DRAMSHOP ACT—DISMISSAL OF ACTION—COURT RULES—
   SERVICE OF PROCESS—STATUTES.

   An action brought under the dramshop act must name and retain
   in the action the alleged intoxicated person or the action may
   not be maintained; therefore, an action should be dismissed as
   to the defendant bar owners where the alleged intoxicated
   person was not retained in the action because he was not
   served with process even though the failure of service was not
   attributable to the plaintiffs (MCLA 436.22; MSA 18.993; GCR
   1963, 102.4).

2. ACTION—DRAMSHOP ACT—DISMISSAL OF ACTION—COMMON LAW
   REMEDY—MAINTENANCE OF SAFE PREMISES—STATUTES.

   A plaintiff, injured in an altercation in the defendant's bar,
   whose cause of action under the dramshop act is dismissed
   because the alleged intoxciated assailant is not retained in the
   action pursuant to the statute, still has a right of action against
   those defendants for violation of the common law duty to
   provide safe premises; such action is in addition to any
   remedy afforded by the dramshop act which has for its purpose
   the recovery of damages sustained as the result of an unlawful
   sale of intoxicants (MCLA 436.22; MSA 18.993).

Appeal from Wayne, James Montante, J. Submitted October 11, 1975, at Detroit. (Docket No. 22133.) Decided January 26, 1976.

Complaint by Joseph Spaccarotelli by his next friend Dollie Spaccarotelli, and by Dollie Spaccarotelli, against Frank J. Ferdibar, Gertrude D. Ferdi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors § 593 *et seq.*
[2] 45 Am Jur 2d, Intoxicating Liquors § 557.
   Liability of innkeeper, restaurateur, or tavernkeeper for injury
   occurring on or about premises to guest or patron by person other
   than proprietor or his servant. 70 ALR2d 628.

bar, and Gary Ish, for damages for injuries caused in an altercation in defendants Ferdibar's place of business. Defendant Ish was not served with process and the case was dismissed as to him. Defendants Ferdibar moved for summary judgment, and appeal by leave granted from denial of that motion. Reversed.

*Gittleman, Paskel, Tashman, Thomas & Ross, P. C.,* for plaintiffs.

*Alexander, Buchanan & Seavitt* (by *Wayne L. Onge),* for defendants.

Before: BRONSON, P. J., and BASHARA and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. This is an action under the dramshop act, MCLA 436.22; MSA 18.993, as amended. On November 5, 1972, plaintiff Joseph Spaccarotelli got into a fight with Gary Ish in defendants' bar. Plaintiffs commenced this action for injuries allegedly caused to Joseph Spaccarotelli in that incident.

Defendants were timely and properly served with process. However, in spite of due diligence exercised by plaintiffs to locate and serve the alleged assailant, Gary Ish was not served with process. Accordingly, the cause was dismissed or stood to be dismissed against him after the summons became invalid pursuant to GCR 1963, 102.4, as amended, effective July 1, 1972. Thereafter, defendants moved for summary judgment of dismissal as to them on the grounds that Ish had not been "named and retained" in the action as required by a 1972 amendment to the dramshop act, 1972 PA 196; MCLA 436.22; MSA 18.993.

In its opinion denying the motion, the trial court stated:

"By reason, therefore, of the statute, it is claimed that the cause of action directed against the dramshop owners must be dismissed.

"It is the position of the plaintiffs that the dismissal is through no fault of his *[sic]*, that it is by operation of law and that for this court now to dismiss the case would leave him remedyless.

"The point is an interesting one. I have no cases on hand. I appreciate that it is necessary to have some precedential authority for guidance of the trial bench. Therefore, I appreciate the interest that you lawyers have in this problem and your willingness to pursue it to the Court of Appeals so that we may have decision.

"The easiest way, I suppose, for me to handle this problem would be to dismiss the case, and then you would have an absolute appeal directly to the Court of Appeals on that issue. On the other hand, that would be contrary to what I want to do in the case. What I want to do in the case is to say that the dismissal by operation of law to my mind does not come within the provisions of this statute, which was intended, it seems to me, for the protection of the dram shop owners so as to require the continuation of the alleged intoxicated person in the case so that relief could be afforded on behalf of the dram shop owners against such person.

"To my mind, the leaving the dram shop owners free under these circumstances was never the intention of the Legislature, and I hold that the motion for summary judgment on this point is, therefore, denied."

The order denying motion for summary judgment was entered October 4, 1974, and we granted leave.

MCLA 436.22; MSA 18.993, creating a cause of action for persons injured as the result of the sale of intoxicants, provides in relevant part:

"No action against a retailer or wholesaler or anyone

covered by this act or his surety, shall be commenced unless the minor or the *alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.*"(Emphasis added.)

The provision was only recently added, operating prospectively as of June 29, 1972. *Koehler v DRT Sportservice, Inc,* 55 Mich App 567; 223 NW2d 461 (1974), *lv den,* 393 Mich 776 (1974).

On appeal defendants argue that the trial court erred and failed to follow the clear requirements of the "name and retain" provision of the dramshop act when it denied defendants' motion. In *Salas v Clements,* 57 Mich App 367; 226 NW2d 101 (1975), *lv granted,* 394 Mich 813 (1975), this Court affirmed the dismissal of a dramshop action because the alleged intoxicated person was not named and retained, even though the person could not be named and retained because he was unknown.

We are persuaded that *Salas* controls. There, the alleged intoxicated person could not be named and retained in the action because he was unknown. Here, the alleged intoxicated person was known but could not be located and served with process within the required time. In both cases, the inability to name and retain the alleged intoxicated person was beyond the fault of the plaintiffs. Regardless of that fact, the action may not be maintained because plaintiffs fail to name and retain the alleged intoxicated person in the action as required by the 1972 amendment.

The fact that the dramshop action should be dismissed as to these defendants does not deprive plaintiffs of a remedy entirely. Plaintiffs retain the right of action against defendants for violation of

the common law duty to provide a safe premises. Such an action is in addition to any remedy afforded by the dramshop act which has for its purpose the recovery of damages sustained as the result of an unlawful sale of intoxicants. See *Manuel v Weitzman,* 386 Mich 157; 191 NW2d 474 (1971).

Reversed. Costs to appellants.