## DICKERSON v HEIDE

1. STATUTES—CONSTRUCTION OF STATUTES—INTENT OF LEGISLATURE.

The Court of Appeals, when analyzing a statute, must ascribe to the Legislature what is believed to be the Legislature's most probable and reasonable intention.

2. STATUTES—INTOXICATING LIQUORS—DRAMSHOP ACT—LIBERAL CONSTRUCTION.

The dramshop act, being remedial in nature, is to be construed liberally, eschewing any strained or narrow construction (MCLA 436.22; MSA 18.993).

3. STATUTES—INTOXICATING LIQUORS—DRAMSHOP ACT—NAME AND RETAIN PROVISION.

The so-called "name and retain" provision of the dramshop act, which requires a plaintiff to name and retain the alleged intoxicated person as a party defendant in any action brought under the act, should not be used to deny relief to plaintiffs who are clearly protected by the statute's substantive provisions but who, under the circumstances of the case, have no cause of action against the intoxicated person (MCLA 436.22; MSA 18.993).

Appeal from Berrien, Julian E. Hughes, J. Submitted April 8, 1976, at Grand Rapids. (Docket No. 25536.) Decided May 28, 1976.

Complaint by Everest Dickerson and Lyla Dickerson against Ronald O. Heide, Patricia Heide, Theodore J. Cihos, Chester R. Robison, and John Stirk under the dramshop act for damages for the death of their son John Dickerson. Defendants

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 254.
[2, 3] 45 Am Jur 2d, Intoxicating Liquors § 20.

moved for summary judgment. Motion denied. Defendants appeal by leave granted. Affirmed.

*O'Connor & Tuchla,* and *James Thomas Sloan, Jr.,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Sherman H. Cone),* for John Stirk.

*Carl R. Burdick,* for Ronald O. and Patricia Heide.

*Ryan, McQuillan, Vander Ploeg & Fette,* for James J. Cihos and Chester R. Robison.

Before: J. H. GILLIS, P. J., and N. J. KAUFMAN and E. A. QUINNELL,* JJ.

N. J. KAUFMAN, J. Defendants appeal, by leave granted, from a denial by the Berrien County Circuit Court of their motion for summary judgment against plaintiffs, GCR 1963, 117.2(1).

Plaintiffs commenced this action under the dramshop act, MCLA 436.22; MSA 18.993, to recover damages for the death of their son, John Dickerson. The complaint alleged that on or about March 17, 1973, defendant tavern owners sold or furnished alcoholic beverages to one Terry Knepple when he was intoxicated in violation of MCLA 436.29; MSA 18.1000. Plaintiffs' son was killed when riding in Knepple's car that evening when Knepple drove it into a tree.

In addition to the instant action, this accident produced one other lawsuit, an action commenced in Cass County Circuit Court under the wrongful death statute, MCLA 600.2922; MSA 27A.2922.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The wrongful death litigation was instituted by one James Regan, decedent's personal administrator. After numerous preliminary proceedings, both cases were assigned to Berrien County Circuit Court Judge Julian Hughes.

In the instant case, defendants' summary judgment motion, the subject of this appeal, was based on the "name and retain" provision of the dramshop act. After providing a cause of action against a dramshop owner to individuals who have suffered injury because the owner has sold intoxicating liquors to a visibly intoxicated person or to a minor, the act requires, in its so-called "name and retain" provision:

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

Defendants argue here, as they did at trial, that plaintiffs' failure to name and retain Terry Knepple, the alleged intoxicated driver, requires the dismissal of plaintiffs' cause of action. Defendants rely on the literal language of the above quoted portion of the dramshop act, a portion which contains no exceptions.

Plaintiffs make several arguments in response. Of these, we find only one cogent. The essence of this argument is that even if plaintiffs had named Knepple, they could not possibly have retained him in the lawsuit. This is so because the only cause of action which could have been asserted against Knepple would have been one predicated on the wrongful death act, MCLA 600.2922; MSA 27A.2922. Under that act, however,

"Every such action shall be brought by, and in the names of, the personal representatives of such deceased person".

Because plaintiffs were not decedent's personal representative, they could not bring a wrongful death action against Knepple. Therefore, plaintiffs could name Knepple, but they could not retain him.

We are, thus, confronted by that antagonist of jurisprudence, the "Great Two-Horned Dilemma". Defendants ask us to read the name and retain provision as a literal requirement. Plaintiffs argue that to do so would cause an absurd result which the Legislature's infinite wisdom never could have intended.

Three recent opinions have considered the case of the missing drunk and have resolved it differently. In *Salas v Clements,* 57 Mich App 367; 226 NW2d 101 (1975), *lv granted* 394 Mich 813 (1975), plaintiffs were assaulted and injured by an allegedly intoxicated person in defendant's tavern. Because plaintiffs could not determine the identity of the intoxicated individual, he was not named in plaintiffs' dramshop action against the bar owner. The trial court granted a defense motion based on the name and retain provision. This Court, in affirming the trial court, rejected plaintiffs' due process and equal protection attacks on the name and retain provision. The *Salas* panel found two functions of the provision which legitimized it against constitutional attack. It reasoned:

"The 'name and retain' provision will, to some extent, reduce tavern-owner liability by restricting recourse to the dramshop act. The provision will eliminate the common practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token

sum, and thereafter energetically assists the plaintiff with the prosecution of a suit against the tavern owner. The provision will also discourage possible collusion and perjury by those too weak to resist the obvious temptation inherent in the original dramshop act which has now been recognized by the Legislature and corrected through this amendment." *Id.* at p 372.

The next relevant case to come before this Court was *Spaccarotelli v Ferdibar,* 67 Mich App 29; 239 NW2d 750 (1976). There, as in *Salas,* plaintiffs sued for injuries incurred in a barroom fight. Although the identity of the intoxicated assailant was known, he could not be located for proper service despite plaintiffs' diligent efforts. The trial court denied defendant tavern owners' summary judgment motion. It reasoned that the Legislature did not intend the dramshop owner to become free of liability under such circumstances. This Court reversed the trial court and granted summary judgment against plaintiffs. It found *Salas* to be dispositive and to require a summary judgment where a plaintiff was, through no fault of his own, unable to name and retain the intoxicated person.

In *Scholten v Rhodes,* 67 Mich App 736; 242 NW2d 509 (1976), although plaintiffs knew the identity of the intoxicated person and could have served him with process, they were prevented by law from any possible recovery against him. The suit was brought by Donald Scholten and his father, Robert. Donald, a minor, had purchased beer from defendant's store. He allegedly became intoxicated and walked into the path of a motorcycle. Defendant moved for a summary judgment because plaintiff Robert Scholten had not named and retained as a defendant the minor, his son, pursuant to the dramshop act. Plaintiff responded that, because at law, plaintiff father was responsi-

ble for his son's medical expenses and, therefore, could not obtain any recovery from his son, the application of the name and retain provision would cause an absurd and unintended result.

Both the trial court and this Court agreed with plaintiff. This Court, per Judge ALLEN, found *Salas v Clements, supra,* and *Spaccarotelli v Ferdibar, supra,* factually distinguishable. *Salas* and *Spaccarotelli* involved a parent or child injured by a third party who had been served an intoxicating beverage by a defendant dramshop owner. *Scholten,* on the other hand, was the type of case where a defendant dramshop owner sold liquor to a minor who was then injured by his own misdoing. The *Scholten* panel held that in enacting the name and retain provision, 1972 PA 196, the Legislature

"intended that it be mandatory only where a third party intoxicant precipitated the loss or where special circumstances would, sans dramshop suit, give plaintiff a recognized cause of action." *Id.* at 743. (Footnote omitted.)

The instant case involves facts common to all three of the precursors. Similar to *Salas* and *Spaccarotelli,* the injuries were precipitated by a third party intoxicant. As in *Scholten,* the instant plaintiffs have no cause of action against the intoxicated person. We find the facts in *Scholten* more applicable and its reasoning more compelling. We, therefore, affirm the trial court's rejection of defendant's summary judgment motion.

In any analysis of a statute, we must attempt to ascribe to the Legislature what we believe to be its most probable and reasonable intention. *Board of Education of Oakland Schools v Superintendent of Public Instruction,* 392 Mich 613, 619; 221 NW2d 345 (1974). We find this to be an especially cogent

example of a situation where literal application of a statute would cause an unfortunate and unintended result and where rejection of the literal dictates will further the intent of the statute.

The dramshop act was enacted to provide relief not obtainable at common law. Although in derogation of common law, our Courts have, stressing the remedial nature of the act, construed the statute liberally and eschewed "any strained or narrow construction" of its words. *Eddy v Courtwright*, 91 Mich 264, 267; 51 NW 887 (1892), *Podbielski v Argyle Bowl, Inc*, 392 Mich 380, 384; 220 NW2d 397 (1974). We find it antithetical to these purposes to deny relief to plaintiffs who are clearly protected by the statute's substantive provisions by requiring them to satisfy a procedural requirement which cannot possibly be satisfied. As the *Scholten* panel noted,

"While it makes good sense to name and retain a party defendant where there is a cause of action against the defendant it makes no sense at all to do so where recovery is impossible because no cause of action exists." 67 Mich App at 744.

Allowing plaintiffs to prosecute their action against defendants will not constitute a circumvention of the name and retain provision. The dangers feared by the drafters of that provision are not present in the instant case. There would be no collusion against the dramshop owner between the intoxicated driver and a deceased passenger. We find minimal the possibility of a collusive settlement with Knepple who would then testify against the dramshop owner. First, the suit against Knepple is not controlled by the instant plaintiffs. Second, both litigations are under the control of the same judge who may consider the

possibility of consolidation pursuant to GCR 1963, 505.1. In any case, he may control both proceedings to limit prejudice and prevent collusion.

For the reasons above stated, we, therefore, affirm the trial court's ruling. Costs to plaintiffs.