WOODBECK v CURLEY

Docket No. 77-3361. Submitted June 6, 1978, at Lansing.—Decided
September 19, 1978.

   James Woodbeck, his wife and children, brought an action
against Thomas Curley and Marguerita Moore, doing business
as Postage Stamp Lounge. Count I of the complaint alleged
that Thomas Curley was intoxicated and shot James Woodbeck
with a revolver in the Postage Stamp Lounge. Count II was
against Marguerita Moore for violation of the dramshop act.
Defendant Moore filed a motion for summary judgment con-
tending that plaintiffs had failed to serve Curley and, since
both the statute of limitations and summons had expired, the
action against Curley should be dismissed. This dismissal,
according to Moore, constituted a failure to "name and retain"
the alleged intoxicated person in the action, as required by
statute, and consequently, the action against her had to be
dismissed also. Motion granted, Wayne Circuit Court, Michael
L. Stacey, J. Plaintiffs appeal. *Held:*

   The dramshop act provides that an alleged intoxicated person
who is a named defendant in a dramshop action must be
retained in the action until the litigation is concluded by trial
or settlement. The dramshop act, however, is remedial and
should be liberally construed. The "name and retain" provision
need not be complied with if a plaintiff can show due diligence
in attempting to obtain service of process upon the alleged
intoxicated person. Where the issue of due diligence was not
ruled on by the trial court, the action should be remanded to
the trial court for further findings.

   Reversed and remanded.

1. INTOXICATING LIQUORS—DRAMSHOP ACT—"NAME AND RETAIN"—
   STATUTES.

   No action against a retailer or wholesaler or anyone covered by
the dramshop act shall be commenced unless the alleged intoxi-
cated person is a named defendant in the action and is retained

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 45 Am Jur 2d, Intoxicating Liquors §§ 561–614.
[3] 45 Am Jur 2d, Intoxicating Liquors § 562.

in the action until the litigation is concluded by trial or settlement (MCL 436.22; MSA 18.993).

2. Intoxicating Liquors—Dramshop Act—"Name and Retain"—Statutes.

The "name and retain" provision of the dramshop act is not literally applied in situations where a plaintiff had no cause of action against the intoxicated person causing injury or damage and it is inapplicable where the identity of the intoxicated person is unknown (MCL 436.22; MSA 18.993).

3. Intoxicating Liquors—Dramshop Act—Liberal Construction.

The dramshop act, being remedial in nature, is to be liberally construed.

4. Intoxicating Liquors—Dramshop Act—"Name and Retain"—Service of Process—Due Diligence.

The "name and retain" provision of the dramshop act need not be complied with if the injured plaintiff can show that he exercised due diligence in attempting to obtain service of process upon the alleged intoxicated person whose actions caused the injury or damage.

*Maceroni, Maceroni, Alger & Trickey, P. C.,* for plaintiffs.

*Seth H. Barsky, P. C.,* for defendants.

Before: Allen, P. J., and Cynar and D. R. Freeman,* JJ.

Cynar, J. Plaintiffs appeal as of right from an order of accelerated judgment dismissing Count II of their complaint against Marguerita Moore, d/b/a Postage Stamp Lounge.

On September 19, 1975, the plaintiffs commenced this suit in Wayne County Circuit Court. Count I alleged that Thomas Curley, the alleged intoxicated person, assaulted and caused injury to plaintiff James Woodbeck, by shooting him with a revolver on September 19, 1973, in the Postage

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Stamp Lounge. Count II was brought against defendant Marguerita Moore, d/b/a Postage Stamp Lounge (hereinafter "Moore") for violation of the dramshop act, MCL 436.22; MSA 18.993.

On September 24, 1976, a motion for summary judgment was filed by defendant Moore, contending that plaintiffs had failed to serve defendant Curley. She argued that since both the statute of limitations and summons had expired, the action against Curley had to be dismissed. This dismissal, according to Moore, constituted a failure to "name and retain" the alleged intoxicated person, as required by MCL 436.22; MSA 18.993. Consequently, contended Moore, the action against her had to be dismissed as well.

In response, plaintiffs stated that the whereabouts of the "alleged intoxicated person", Curley, were unknown at the time of filing the complaint. In an effort to locate Curley, plaintiffs had hired a private firm, which later informed plaintiffs' counsel that Curley could be found at a residence at 8558 Paterson Road in Caledonia, Kent County, Michigan. On October 10, 1975, the summons and complaint were sent to the Kent County Sheriff with instructions to serve defendant Curley at said location. In March 1976 the Kent County Sheriff advised plaintiffs' counsel that service had been attempted without success. According to an affidavit by a Kent County Deputy Sheriff filed in support of plaintiffs' answer, the deputy was told by a resident that Curley was present on weekends. However, attempts at weekend service were unproductive.

This motion was argued on October 8, 1976, and granted on December 14, 1976. On August 12, 1977, it was expressly declared to be a final judgment for purposes of appellate review.

The Michigan dramshop act, MCL 436.22; MSA 18.993, provides in pertinent part:

"No action against a retailer or wholesaler or anyone covered by this act or his surety, shall be commenced unless the minor or alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

There is no question that plaintiff has failed to comply with this provision. However, the "name and retain" rule is not without its exceptions. In order to avoid an unjust result, the rule was not literally applied in situations where the plaintiff had no cause of action against the intoxicated person. *Scholten v Rhoades,* 67 Mich App 736; 242 NW2d 509 (1976), *Dickerson v Heide,* 69 Mich App 303; 244 NW2d 459 (1976).

More recently, the Supreme Court in *Salas v Clements,* 399 Mich 103; 247 NW2d 889 (1976), held the "name and retain" provision inapplicable when the intoxicated person's identity was unknown. The Court noted:

"If a plaintiff does not know the identity of the intoxicated person, there is no basis for concern that such a person, in collusion with plaintiff, could 'energetically [assist] the plaintiff with the prosecution of a suit against the tavern owner'. Furthermore, the requirement that an injured person 'name and retain' as defendant an intoxicated person whose identity he does not know in order to maintain a cause of action under the dramshop act frustrates the essential purpose of the act. Such a requirement would *encourage* collusion, tempting the liquor licensee and a tortfeasor to hide the identity of the tortfeasor from the injured plaintiff. A liquor licensee who in fact created or continued in the

creation of the state of the intoxicant would thus be able to escape liability from suit under the dramshop act. We do not believe the Legislature intended these kinds of results." *Salas, supra,* at 110.

The Court added, however, that the injured plaintiff in such a situation

"must show that he did not, in fact, know the identity of the alleged intoxicated person and that he exercised due diligence in attempting to ascertain the identity of the alleged intoxicated person." *Salas, supra,* at 110.

We believe that the rationale in *Salas* can and should be extended to fit the circumstances of the present case. It should be remembered that the dramshop act, being remedial in nature, is to be liberally construed. *Podbielski v Argyle Bowl, Inc,* 392 Mich 380, 384–385; 220 NW2d 397 (1974), *Eddy v Courtwright,* 91 Mich 264, 267; 51 NW 887 (1892). If plaintiffs have exercised due diligence in attempting to serve Curley, it would seem unjust to prevent the suit against Moore. In such a situation, plaintiffs would have done everything within their power to "name and retain" the intoxicated person. The fact that they know his name has proven to be no advantage in obtaining service of process. Nor is there any greater likelihood of collusion in this instance than the situation in *Salas.*

Therefore, we hold that when an individual has been injured by a third party in circumstances giving rise to a dramshop action, the "name and retain" provision need not be complied with *if* the plaintiff can show that he exercised due diligence in attempting to obtain service of process upon the

alleged intoxicated person.[1] Since the issue of due diligence was not ruled on below, this action must be remanded for further findings regarding that issue.

Reversed and remanded for proceedings consistent with this opinion. Costs to the prevailing party.

---

[1] We are aware that another panel of this Court has come to a contrary result under similar circumstances. *Spaccarotelli v Ferdibar,* 67 Mich App 29; 239 NW2d 750 (1976). However, that case was decided prior to the Supreme Court's opinion in *Salas, supra.* We are of the opinion that the same panel would have reached the result reached here, had they had the benefit of the Supreme Court's pronouncements in *Salas.* Therefore, we decline to follow *Spaccarotelli.*