WOODBECK v CURLEY (AFTER REMAND)

Docket No. 46090. Submitted May 5, 1981, at Detroit.—Decided July 23, 1981.

James Woodbeck, his wife and children brought an action against Thomas Curley and against Marguerita Moore, doing business as Postage Stamp Lounge. Count I of the complaint alleged that Thomas Curley was intoxicated and shot James Woodbeck with a revolver while in the Postage Stamp Lounge. Count II was against Marguerita Moore for violation of the dramshop act. Defendant Moore filed a motion for summary judgment contending that plaintiff had failed to serve process on Curley and, since both the statute of limitations and the time for serving the summons had expired, the action against Curley should be dismissed. This dismissal, according to Moore, constituted a failure to "name and retain" the alleged intoxicated person in the action, as required by statute, and, consequently, the action against her had to be dismissed also. The motion was granted, Wayne Circuit Court, Michael L. Stacey, J., and plaintiffs appealed. The Court of Appeals reversed and remanded the matter to the trial court, holding that, if plaintiffs could show due diligence in attempting to obtain service of process upon Curley, the name and retain provision of the statute need not be complied with, 95 Mich App 650; 272 NW2d 152 (1978). On remand, the trial court held a hearing on the issue of due diligence and ruled that plaintiffs' efforts to locate Curley evinced good faith but failed to rise to the level of due diligence. Summary judgment was again granted in favor of defendant Moore, Michael L. Stacey, J. Plaintiffs appeal, contending that the trial court abused its discretion in holding that the facts do not establish due diligence. *Held:*

Due diligence must be determined on a case-by-case basis, diligence being defined as devoted and painstaking application to accomplish an undertaking. Plaintiffs did not employ devoted and painstaking application to find Curley, based upon the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 45 Am Jur 2d, Intoxicating Liquors § 561 *et seq.*
[3] 62 Am Jur 2d, Process § 31.

record presented. There was no abuse of discretion in the trial court's grant of summary judgment to Moore.

Affirmed.

1. Intoxicating Liquors — Dramshop Act — Name and Retain Provision — Statutes.

The "name and retain" provision of the Michigan dramshop act does not operate as a bar to a cause of action under the act where the plaintiff shows that the identity of the alleged intoxicated person or minor is unknown and due diligence has been exercised in attempting to ascertain the identity of that person (MCL 436.22; MSA 18.993).

2. Intoxicating Liquors — Dramshop Act — Name and Retain Provision — Due Diligence — Statutes.

A plaintiff in an action brought under the dramshop act must exercise due diligence in an effort to produce the minor or intoxicated person involved and whether due diligence has been exercised must be determined by the facts on a case-by-case basis (MCL 436.22; MSA 18.993).

3. Words and Phrases — Diligence.

"Diligence" means devoted and painstaking application to accomplish an undertaking.

*Maceroni, Maceroni & Trickey, P.C.,* for plaintiffs.

*Seth H. Barsky,* for defendant Marguerita Moore.

After Remand

Before: Bashara, P.J., and N. J. Kaufman and J. L. Banks,* JJ.

Per Curiam. Plaintiffs appeal summary judgment granted in favor of defendant Marguerita Moore.

The complaint alleged that plaintiffs' decedent was shot by defendant Thomas Curley, a Detroit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

police officer, while the decedent and Curley were located in Moore's bar, the Postage Stamp Lounge. One count of the complaint alleged a cause of action against Moore pursuant to the dramshop act, MCL 436.22; MSA 18.993.[1] Other counts, not at issue herein, alleged causes of action against Curley and against his employer, the City of Detroit.

Moore moved for summary judgment on the grounds that plaintiffs had failed to serve Curley with process, preventing recovery under the dramshop act pursuant to the "name and retain" clause. The trial court granted the motion.

Plaintiffs' appeal of the the dismissal was decided in *Woodbeck v Curley,* 85 Mich App 605; 272 NW2d 152 (1978). This Court remanded the matter to the trial court, holding:

> "Therefore, we hold that when an individual has been injured by a third party in circumstances giving rise to a dramshop action, the 'name and retain' provision need not be complied with *if* the plaintiff can show that he exercised due diligence in attempting to obtain service of process upon the alleged intoxicated person. Since the issue of due diligence was not ruled on below, this action must be remanded for further findings regarding that issue." *Id.,* 609-610. (Footnote omitted.) (Emphasis in original.)

Subsequently, a hearing was held on the issue of due diligence. Counsel for plaintiffs stated that no substituted service had been attempted. A private investigator had apparently been retained to find Curley, although his efforts were not described. A Grand Rapids address, where Curley had alledgedly been spending his weekends, was visited

---

[1] An order was subsequently entered allowing plaintiffs to amend the complaint against Moore by adding a claim of failure to maintain the lounge premises in a safe condition.

by Kent County Police with no results. Plaintiffs' counsel's business card was left at the residence but Curley did not contact him. No permanent place of abode had been found.

The trial court ruled that plaintiffs' efforts to locate Curley evinced good faith but failed to rise to the level of due diligence. Summary judgment was granted in Moore's favor and plaintiffs appeal.

The sole issue before us is whether the trial court erred in holding that due diligence was not shown. In support of this argument, plaintiffs contend that this Court's decision in *Woodbeck* implied that the efforts of plaintiffs amounted to due diligence. We find this argument illogical in view of the Court's holding remanding the issue of due diligence to the trial court. In addition, we find nothing in the language of the opinion that makes such a finding.

Alternatively, plaintiffs assert that the trial court abused its discretion in holding that the facts do not establish due diligence.

The Court in *Woodbeck* did not define the standard to be applied in determining whether or not due diligence has been shown. *Woodbeck* relies heavily upon *Salas v Clements,* 399 Mich 103; 247 NW2d 889 (1976), in which the Court held that where a plaintiff shows that he did not know the identity of the alleged intoxicated person and that he exercised due diligence in attempting to ascertain his identity, the name and retain provision will not operate as a bar to the cause of action. The *Salas* opinion also does not define "due diligence" and no cases applying the test in dramshop actions has been found. Furthermore, in both *Salas* and *Woodbeck,* the Courts made no determination of due diligence but remanded the issue for the trial court's consideration.

Plaintiffs rely upon criminal law in asserting that they have met the burden of proof in this case. We agree with plaintiffs that due diligence, as defined in cases addressing the prosecutor's failure to produce a res gestae witness, is the proper standard. Where the failure to produce a res gestae witness is an issue, due diligence is determined from the facts on a case-by-case basis. In his dissenting opinion in *People v Pearson,* 404 Mich 698, 742; 273 NW2d 856 (1979), Justice LEVIN stated that diligence "means literally what Webster's dictionary says it means: devoted and painstaking application to accomplish an undertaking". Also see *People v Johnson,* 51 Mich App 224, 230-231; 214 NW2d 713 (1974).

It is our considered judgment that the plaintiffs did not employ "devoted and painstaking application" to find Curley, based upon the record presented. There was no mention of the efforts of the private investigator. We do not know whether Curley's family was contacted. We do not know whether the plaintiffs sought the assistance of the City of Detroit, Curley's employer at the time of the shooting. The efforts described herein are certainly less than those held to be inadequate in *Pearson, supra,* 716-717. Consequently, we find no abuse of discretion in the trial court's grant of summary judgment to Moore.

Affirmed. Costs to defendant Moore.